No. 11-10959

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

NATIONAL RIFLE ASSOCIATION, ANDREW M. PAYNE, REBEKAH JENNINGS,
BRENNAN HARMON,

Plaintiffs - Appellants,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, B. TODD
JONES, in his official capacity as Acting Director of BATF, ERIC J. HOLDER, JR., in his
official capacity as Attorney General of the United States,

Defendants - Appellees.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
_____

RECORD EXCERPTS
_____

*Of Counsel:*

MELISSA ANDERSON
Bureau of Alcohol, Tobacco,
Firearms & Explosives
99 New York Avenue, N.E.
Washington, D.C. 20226
Tel: (202) 648-7056
Melissa.Anderson@usdoj.gov

TONY WEST
  *Assistant Attorney General*

SARAH R. SALDAÑA
  *United States Attorney*

MICHAEL S. RAAB
  (202) 514-4053
ANISHA S. DASGUPTA
  (202) 514-5428
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7237*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C. 20530*

# TABLE OF CONTENTS

District Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 1

Earliest Known Age-Based State Restrictions On The Use or
Purchase of Firearms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 2

ATF Chief Counsel Op. 23362 (Dec. 5, 1983) . . . . . . . . . . . . . . . . . . . . . . . . Tab 3

States Enrolling In Their Militias Only Individuals Over 21 . . . . . . . . . . . . . Tab 4

States Requiring Parental Consent For Individuals Under 21
To Serve in The Militia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 5

Early New Jersey And Virginia Militia Laws . . . . . . . . . . . . . . . . . . . . . . . . . Tab 6

States Requiring Parents To Furnish Minors Enrolled In The
Militia With Arms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 7

District Court Order of September 29, 2011 . . . . . . . . . . . . . . . . . . . . . . . . . Tab 8

Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 9

# TAB 1

## U.S. District Court
### Northern District of Texas (Lubbock)
### CIVIL DOCKET FOR CASE #: 5:10-cv-00140-C

National Rifle Association of America, Inc., et al v. Bureau of Alcohol, Tobacco, Firearms, and Explosives
Assigned to: Judge Sam R Cummings
Referred to:
Demand: $0
Lead Docket: None
Related Cases: None
Cases in other court: None
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 9/8/2010
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**
-----------------------

**James A. D'Cruz**
*TERMINATED: 2/10/2011*

represented by **Charles J Cooper**
Cooper and Kirk PLLC
1523 New Hampshire Ave NW
Washington, DC 20036
USA
202/220-9660
Fax: 202/220-9601
Email: ccooper@cooperkirk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David H Thompson**
Cooper & Kirk PLLC
1523 New Hampshire Ave NW
Washington, DC 20009
202/220-9600
Fax: 202/220-9601
Email: dthompson@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Fernando M Bustos**
Law Offices of Fernando M. Bustos, P.C.
P.O. Box 1980
Lubbock, TX 79408-1980
USA
806/780-3976
Fax: 806/780-3800
Email: fbustos@bustoslawfirm.com
*ATTORNEY TO BE NOTICED*

**Jesse Panuccio**
Cooper and Kirk PLLC

1523 New Hampshire Ave NW
Washington, DC 20036
202/220-9642
Fax: 202/220-9601
Email: jpanuccio@cooperkirk.com
*TERMINATED: 2/25/2011*
*ATTORNEY TO BE NOTICED*

**Peter A Patterson**
Cooper & Kirk PLLC
1523 New Hampshire Ave NW
Washington, DC 20036
US
202/220-9600
Fax: 202/220-9601
Email: ppatterson@cooperkirk.com
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **National Rifle Association of America, Inc.** | represented by | **Charles J Cooper**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Brian S Koukoutchos**
Law Office of Brian S Koukoutchos
28 Eagle Trace
Mandeville, LA 70471
US
985/626-5052
Email: bkoukoutchos@gmail.com
*ATTORNEY TO BE NOTICED*

**David H Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fernando M Bustos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Panuccio**
(See above for address)
*TERMINATED: 2/25/2011*
*ATTORNEY TO BE NOTICED*

**Peter A Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Andrew M. Payne** | represented by | **Brian S Koukoutchos**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Charles J Cooper**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Fernando M Bustos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Panuccio**
(See above for address)
*TERMINATED: 2/25/2011*
*ATTORNEY TO BE NOTICED*

**Peter A Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Rebekah Jennings** | represented by | **Brian S Koukoutchos** |

(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles J Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David H Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fernando M Bustos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Panuccio**
(See above for address)
*TERMINATED: 2/25/2011*
*ATTORNEY TO BE NOTICED*

**Peter A Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Brennan Harmon** | represented by | **Brian S Koukoutchos** |

(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles J Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David H Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fernando M Bustos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jesse Panuccio**
(See above for address)
*TERMINATED: 2/25/2011*
*ATTORNEY TO BE NOTICED*

**Peter A Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**----------------------**

**Bureau of Alcohol, Tobacco, Firearms,
and Explosives**

represented by **Daniel M Riess**
US Department of Justice - Civil Division
20 Massachusetts Ave NW
Washington, DC 20530
US
202/353-3098
Fax: 202/616-8460
Email: Daniel.Riess@usdoj.gov
*LEAD ATTORNEY*

**Jessica Beth Leinwand-DOJ**
US Department of Justice
20 Massachusetts Ave
Washington, DC 20001
US
202/305-8628
Fax: 202/305-8517
Email: Jessica.B.Leinwand@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Kenneth Melson,** *in his official capacity
as Acting Director of of the Bureau of
Alcohol, Tobacco, Firearms, and
Explosives*

represented by **Daniel M Riess**
(See above for address)
*LEAD ATTORNEY*

**Jessica Beth Leinwand-DOJ**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Attorney General Eric H. Holder, Jr.,**
*in his official capacity as Attorney
General of the United States*

represented by **Daniel M Riess**
(See above for address)
*LEAD ATTORNEY*

**Jessica Beth Leinwand-DOJ**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Amicus**
----------------------

**Brady Center to Prevent Gun Violence**         represented by   **Scott Medlock**
Texas Civil Rights Project
1405 Montopolis Dr
Austin, TX 78741-3438
USA
512/474-5073
Fax: 512/474-0726
Email: scott@texascivilrightsproject.org
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 9/8/2010 (p.12) | 1 | COMPLAINT against Bureau of Alcohol, Tobacco, Firearms, and Explosives, Kenneth Melson, Eric H. Holder, Jr filed by James A. D'Cruz. Clerk to issue summons(es). In each Notice of Electronic Filing, the judge assignment is indicated, and a linkto the Judges Copy Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (Filing fee $350; Receipt number 0539-3455233) (Attachments: # (1) Cover Sheet, # (2) Certificate of Interested Persons) (Cooper, Charles) Per Attorney Jesse Panuccio, Attorney Fernando Bustos will prepare Summons(es) and deliver to Clerk's Office for issuance. Modified on 9/8/2010 (jdg). (Entered: 9/8/2010) |
| 9/8/2010 (p.24) | 2 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by James A. D'Cruz. (Cooper, Charles) (Entered: 9/8/2010) |
| 9/8/2010 (p.26) | 3 | Application for Admission Pro Hac Vice with Cert. of Good Standing for Attorney Charles J. Cooper (Filing fee $25; Receipt number 0539-3455933) filed by James A. D'Cruz (Attachments: # (1) Certificate of Good Standing) (Cooper, Charles) (Entered: 9/8/2010) |
| 9/8/2010 (p.30) | 4 | Application for Admission Pro Hac Vice with Cert. of Good Standing for Attorney David H. Thompson (Filing fee $25; Receipt number 0539-3456016) filed by James A. D'Cruz (Attachments: # (1) Certificate of Good Standing) (Cooper, Charles) (Entered: 9/8/2010) |
| 9/8/2010 (p.34) | 5 | Application for Admission Pro Hac Vice with Cert. of Good Standing for Attorney Jesse Panuccio (Filing fee $25; Receipt number 0539-3456028) filed by James A. D'Cruz (Attachments: # (1) Certificate of Good Standing) (Cooper, Charles) (Entered: 9/8/2010) |
| 9/8/2010 (p.38) | 6 | Summons Issued as to Bureau of Alcohol, Tobacco, Firearms, and Explosives; Eric H. Holder - Attorney General of the United States, Kenneth Melson; and U.S. Attorney. (jdg) (Entered: 9/8/2010) |
| 9/9/2010 (p.46) | 7 | ORDER granting [3] Application for Admission Pro Hac Vice of Charles J. Cooper. Clerk shall deposit application fee to the Non-Appropriated Fund of this Court. If not already done, Applicant must register as an ECF User within 14 days |

| | | |
|---|---|---|
| | | (LR 5.1(f)). (Ordered by Judge Sam R Cummings on 9/9/2010) (bdg) (Entered: 9/9/2010) |
| 9/9/2010 (p.47) | 8 | ORDER granting [5] Application for Admission Pro Hac Vice of Jesse Panuccio. Clerk shall deposit application fee to the Non-Appropriated Fund of this Court. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Judge Sam R Cummings on 9/9/2010) (bdg) (Entered: 9/9/2010) |
| 9/9/2010 (p.48) | 9 | ORDER granting [4] Application for Admission Pro Hac Vice of David H. Thompson. Clerk shall deposit application fee to the Non-Appropriated Fund of this Court. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Judge Sam R Cummings on 9/9/2010) (bdg) (Entered: 9/9/2010) |
| 9/20/2010 (p.49) | 10 | SUMMONS Returned Executed as to Bureau of Alcohol, Tobacco, Firearms, and Explosives ; served on 9/10/2010. (Bustos, Fernando) (Entered: 9/20/2010) |
| 9/20/2010 (p.51) | 11 | SUMMONS Returned Executed as to Eric H. Holder, Jr ; served on 9/9/2010. (Bustos, Fernando) (Entered: 9/20/2010) |
| 9/20/2010 (p.53) | 12 | SUMMONS Returned Executed as to Kenneth Melson ; served on 9/10/2010. (Bustos, Fernando) (Entered: 9/20/2010) |
| 9/20/2010 (p.55) | 13 | SUMMONS Returned Executed as to James T. Jacks, United States Attorney on 9/10/10. (Bustos, Fernando) Modified on 9/20/2010 (jdg). (Entered: 9/20/2010) |
| 10/21/2010 (p.58) | 14 | AMENDED COMPLAINT against All Defendants filed by James A. D'Cruz, National Rifle Association of America, Inc., Andrew M. Payne. (Cooper, Charles) (Entered: 10/21/2010) |
| 10/21/2010 (p.70) | 15 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by James A. D'Cruz, National Rifle Association of America, Inc., Andrew M. Payne. (Cooper, Charles) (Entered: 10/21/2010) |
| 11/5/2010 (p.73) | 16 | Unopposed MOTION to set briefing schedule filed by James A. D'Cruz, National Rifle Association of America, Inc., Andrew M. Payne with Brief/Memorandum in Support. (Attachments: # (1) Proposed Order) (Cooper, Charles) (Entered: 11/5/2010) |
| 11/8/2010 (p.78) | 17 | ORDER GRANTING: [16] Unopposed MOTION to set briefing schedule. It is therefore ORDERED that the following schedule is established in this matter: 12/17/2010: Defendants' Answer and/or dispositive motion due; 1/14/2011: Plaintiffs' response to Defendants' dispositive motion due; Plaintiffs' motion for summary judgment due; 2/14/2011: Defendants' reply in support of dispositive motion due; Defendants' response to Plaintiffs' motion for summary judgment due; 3/11/2011: Plaintiffs' reply in support of motion for summary judgment due. It is further ORDERED that while no discovery will proceed at this time, Plaintiffs reserve the right to seek discovery after Defendants file a dispositive motion or a response to Plaintiffs' motion for summary judgment. Defendants reserve the right to oppose any such discovery. Plaintiffs' willingness to agree to this schedule at this |

| | | |
|---|---|---|
| | | time will not be a legitimate basis for resisting later discovery. (Ordered by Judge Sam R Cummings on 11/8/2010) (lkw) (Entered: 11/8/2010) |
| 12/13/2010 (p.80) | 18 | NOTICE of Attorney Appearance by Daniel M Riess on behalf of All Defendants. (Riess, Daniel) (Entered: 12/13/2010) |
| 12/13/2010 (p.82) | 19 | Unopposed MOTION for Extension of Time to File Dispositive Motion filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson (Attachments: # (1) Proposed Order) (Riess, Daniel) (Entered: 12/13/2010) |
| 12/14/2010 (p.86) | 20 | ORDER granting [19] Unopposed Motion for Extension of Time to File Dispositive Motion. Defendants' motion due by 12/22/2010. (Ordered by Judge Sam R Cummings on 12/14/2010) (lkw) Modified text on 12/14/2010 (lkw). (Entered: 12/14/2010) |
| 12/22/2010 (p.87) | 21 | MOTION to Dismiss *or, in the Alternative*, MOTION for Summary Judgment () filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson with Brief/Memorandum in Support. (Attachments: # (1) Memorandum in Support, # (2) Exhibit(s) 1, # (3) Exhibit(s) 2, # (4) Additional Page(s), # (5) Additional Page(s), # (6) Exhibit(s) 3, # (7) Exhibit(s) 4, # (8) Exhibit(s) 5, # (9) Exhibit(s) 6, # (10) Exhibit(s) 7, # (11) Exhibit(s) 8, # (12) Proposed Order) (Riess, Daniel) (Entered: 12/22/2010) |
| 12/23/2010 (p.403) | 22 | ADDITIONAL ATTACHMENTS *(Certificate of Service)* to [21] MOTION to Dismiss *or, in the Alternative* MOTION for Summary Judgment by Defendants Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson. (Riess, Daniel) (Entered: 12/23/2010) |
| 12/28/2010 (p.404) | 23 | MOTION for Leave to File Application of Amici Curiae Brady Center to Prevent Gun Violence filed by Brady Center to Prevent Gun Violence with Brief/Memorandum in Support.. Party Brady Center to Prevent Gun Violence added. (Medlock, Scott) (Entered: 12/28/2010) |
| 12/29/2010 (p.443) | 24 | Application for Admission Pro Hac Vice with Cert. of Good Standing for Attorney Peter A. Patterson (Filing fee $25; Receipt number 0539-3648118) filed by James A. D'Cruz, National Rifle Association of America, Inc., Andrew M. Payne (Attachments: # (1) Certificate of Good Standing) (Patterson, Peter) (Entered: 12/29/2010) |
| 12/30/2010 (p.447) | 25 | ORDER granting [24] Application for Admission Pro Hac Vice of Peter A. Patterson. Clerk shall deposit application fee to the Non-Appropriated Fund of this Court. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Judge Sam R Cummings on 12/30/2010) (bdg) (Entered: 12/30/2010) |
| 1/7/2011 (p.448) | 26 | Unopposed MOTION to Extend Time of Briefing Deadlines filed by James A. D'Cruz, National Rifle Association of America, Inc., Andrew M. Payne (Bustos, Fernando) (Entered: 1/7/2011) |
| 1/10/2011 (p.451) | 27 | ORDER GRANTING PLAINTIFFS' [26] Unopposed MOTION to Extend Time of Briefing Deadlines filed by James A. D'Cruz, Andrew M. Payne, National Rifle |

| | | |
|---|---|---|
| | | Association of America, Inc. The scheduling order entered November 8, 2010 (Doc. No. 17), is amended as follows: Plaintiffs' deadline to respond to Defendants' Motion for Summary Judgment and to file Plaintiffs' cross-motion for summary judgment is extended two (2) weeks, until January 28, 2011. Plaintiffs' cross-motion for summary judgment is due on March 7, 2011. Plaintiffs' reply brief in support of their upcoming cross-motion for summary judgment is due on April 15, 2011. (Ordered by Judge Sam R Cummings on 1/10/2011) (lkw) (Entered: 1/10/2011) |
| 1/26/2011 <br> (p.452) | 28 | Unopposed MOTION TO CLARIFY AND SET PAGE LIMITS FOR SUMMARY JUDGMENT BRIEFING filed by James A. D'Cruz, National Rifle Association of America, Inc., Andrew M. Payne (Bustos, Fernando) (Entered: 1/26/2011) |
| 1/27/2011 <br> (p.456) | 29 | ORDER granting [23] Motion for Application to File an Amicus Brief in Support of Defendants. Amici curiae shall file their amicus brief within 7 days of the date of this Order. (Ordered by Judge Sam R Cummings on 1/27/2011) (lkw) (Entered: 1/27/2011) |
| 1/27/2011 <br> (p.457) | 30 | ORDER granting Plaintiffs' [28] Unopposed MOTION TO CLARIFY AND SET PAGE LIMITS FOR SUMMARY JUDGMENT BRIEFING. Plaintiffs' deadline to respond to Defendants' motion for summary judgment and to file Plaintiffs cross-motion for summaryjudgment is January 28, 2011; Plaintiffs may file a single, omnibus brief of not more than 75 pages incorporating both Plaintiffs' response to Defendants' motion for summary judgment and Plaintiffs' brief in support of their cross-motion for summary judgment; Defendants reply brief in support of their motion for summary judgment and Defendants' response to Plaintiffs' cross-motion for summary judgment is due March 7, 2011; and Plaintiffs' reply brief in support of their cross-motion for summary judgment is due April 15, 2011. (Ordered by Judge Sam R Cummings on 1/27/2011) (lkw) (Entered: 1/27/2011) |
| 1/28/2011 <br> (p.459) | 31 | Brief/Memorandum in Support filed by Brady Center to Prevent Gun Violence re [29] Order on Motion for Leave to File *Brief of Amici Curiae in Support of Defendants* (Medlock, Scott) (Entered: 1/28/2011) |
| 1/28/2011 <br> (p.492) | 32 | MOTION to Amend/Correct *the Complaint* filed by James A. D'Cruz, National Rifle Association of America, Inc., Andrew M. Payne, Rebekah Jennings, Brennan Harmon (Attachments: # (1) Exhibit(s) Second Amended Complaint, # (2) Proposed Order) (Cooper, Charles) (Entered: 1/28/2011) |
| 1/28/2011 <br> (p.510) | 33 | RESPONSE filed by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne re: [21] MOTION to Dismiss *or, in the Alternative* MOTION for Summary Judgment (Cooper, Charles) (Entered: 1/28/2011) |
| 1/28/2011 <br> (p.514) | 34 | Brief/Memorandum in Support filed by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne re [33] Response/Objection (Cooper, Charles) (Entered: 1/28/2011) |
| 1/28/2011 <br> (p.601) | 35 | Appendix in Support filed by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne re [34] Brief/Memorandum in |

| | | |
|---|---|---|
| | | Support of Motion (Cooper, Charles) (Entered: 1/28/2011) |
| 2/8/2011 (p.695) | 36 | *Consent* MOTION for Extension of Time to File Response/Reply re: [33] Response/Objection filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson (Attachments: # (1) Proposed Order) (Riess, Daniel) (Entered: 2/8/2011) |
| 2/10/2011 (p.700) | 37 | ORDER granting [32] Motion to Amend the Complaint, Plaintiff D'Cruz's Motion to Withdraw as a Party Plaintiff, and Non-Parties Rebekah Jennings' and Brennan Harmon's Motion to Join as Party-Plaintiffs, together with [36] Defendants' Notice of Consent. Plaintiffs shall have seven (7) days to file their Second Amended Complaint for Declaratory Judgment and Injunctive Relief. (Ordered by Judge Sam R Cummings on 2/10/2011) (lkw) Modified text on 2/10/2011 (lkw). (Entered: 2/10/2011) |
| 2/10/2011 (p.701) | 38 | ORDER granting [36] Defendants' Consent Motion for Extension of Time to File Responsive Briefs. Defendants shall file their response to Plaintiffs' cross-motion for summary judgment and reply brief in support in Defendants' motion for summary judgment by April 6, 2011, and Plaintiffs shall file their brief in support of their cross-motion for summary judgment by May 18, 2011. (Ordered by Judge Sam R Cummings on 2/10/2011) (lkw) (Entered: 2/10/2011) |
| 2/11/2011 (p.702) | 39 | AMENDED COMPLAINT *(SECOND)* against Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson filed by National Rifle Association of America, Inc., Andrew M. Payne, Rebekah Jennings, Brennan Harmon. (Bustos, Fernando) Modified text to add Andrew M. Payne on 2/11/2011 (cb). (Entered: 2/11/2011) |
| 2/11/2011 (p.714) | 40 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Brennan Harmon, Rebekah Jennings, Andrew Payne, and National Rifle Association of America, Inc. (Bustos, Fernando) Modified text add Andrew Payne on 2/14/2011 (lkw). (Entered: 2/11/2011) |
| 2/11/2011 (p.716) | 41 | Certificate of Service by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne as to [40] Cert. Of Interested Persons/Disclosure Statement. (Bustos, Fernando) Modified text on 2/14/2011 (lkw). (Entered: 2/11/2011) |
| 2/24/2011 (p.717) | 42 | MOTION to Withdraw as Attorney filed by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne (Panuccio, Jesse) (Entered: 2/24/2011) |
| 2/25/2011 (p.719) | 43 | ORDER granting [42] Motion to Withdraw as Attorney. Attorney Jesse Panuccio terminated. (Ordered by Judge Sam R Cummings on 2/25/2011) (bdg) (Entered: 2/25/2011) |
| 3/28/2011 (p.720) | 44 | Consent MOTION to Set Page Limits for Summary Judgment Briefing filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson (Attachments: # (1) Proposed Order) (Riess, Daniel) (Entered: 3/28/2011) |
| | 45 | |

| Date | No. | Description |
|------|-----|-------------|
| 3/30/2011<br>(p.725) | | ORDER granting [44] Motion to Set Page Limits for Summary Judgment Briefing. It is therefore ORDERED that on or before April 6, 2011, Defendants may file a single, omnibus brief of not more than 75 pages incorporating both Defendants' response to Plaintiffs' cross-motion for summary judgment and Defendants' reply brief in support of their motion for summary judgment. (Ordered by Judge Sam R Cummings on 3/30/2011) (bdg) (Entered: 3/30/2011) |
| 4/5/2011<br>(p.726) | 46 | NOTICE of Attorney Appearance by Jessica Beth Leinwand-DOJ on behalf of Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson. (Leinwand-DOJ, Jessica) (Entered: 4/5/2011) |
| 4/6/2011<br>(p.729) | 47 | REPLY filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson re: [21] MOTION to Dismiss *or, in the Alternative* MOTION for Summary Judgment (Attachments: # (1) Exhibit(s), # (2) Exhibit(s), # (3) Exhibit(s), # (4) Exhibit(s)) (Riess, Daniel) (Entered: 4/6/2011) |
| 4/6/2011<br>(p.898) | 48 | Appendix in Support filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson re [47] Reply, *and Response to Plaintiffs' Cross-Motion for Summary Judgment* (Attachments: # (1) Additional Page(s)) (Riess, Daniel) (Entered: 4/6/2011) |
| 4/29/2011<br>(p.947) | 49 | Application for Admission Pro Hac Vice with Cert. of Good Standing for Attorney Brian S. Koukoutchos (Filing fee $25; Receipt number 0539-3859067) filed by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne (Koukoutchos, Brian) (Entered: 4/29/2011) |
| 5/2/2011<br>(p.951) | 50 | ORDER granting [49] Application for Admission Pro Hac Vice of Brian S. Koukoutchos. Clerk shall deposit application fee to the Non-Appropriated Fund of this Court. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Judge Sam R Cummings on 5/2/2011) (lkw) (Entered: 5/2/2011) |
| 5/12/2011<br>(p.952) | 51 | NOTICE *of Recent Authority* filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson (Attachments: # (1) Exhibit(s), # (2) Exhibit(s)) (Riess, Daniel) (Entered: 5/12/2011) |
| 5/18/2011<br>(p.998) | 52 | REPLY filed by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne re: [47] Reply, (Cooper, Charles) (Entered: 5/18/2011) |
| 7/18/2011<br>(p.1030) | 53 | Unopposed MOTION for Leave to File Notice of Supplemental Authority filed by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne (Attachments: # (1) Exhibit(s) A- Plaintiffs' Notice of Supplemental Authority, # (2) Proposed Order) (Cooper, Charles) (Entered: 7/18/2011) |
| 7/18/2011<br>(p.1057) | 54 | ORDER granting [53] Plaintiffs' Motion for Leave to File Notice of Supplemental Authority. (Ordered by Judge Sam R Cummings on 7/18/2011) (lkw) (Entered: 7/18/2011) |
| | 55 | |

| | | |
|---|---|---|
| 7/18/2011 (p.1058) | | Supplemental Document by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne as to [33] Response/Objection *Notice of Supplemental Authority*. (Attachments: # (1) Exhibit(s) A) (Cooper, Charles) (Entered: 7/18/2011) |
| 7/22/2011 (p.1081) | 56 | Unopposed MOTION for Leave to File Response to Plaintiffs' Notice of Supplemental Authority filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson (Attachments: # (1) Exhibit(s) 1 -- Defendants' Response to Plaintiffs' Notice of Supplemental Authority, # (2) Proposed Order) (Riess, Daniel) (Entered: 7/22/2011) |
| 7/22/2011 (p.1089) | 57 | ORDER granting [56] Defendants' Unopposed Motion for Leave to File Response to Plaintiffs' Notice of Supplemental Authority, filed July 22, 2011. Defendants should file their response within 7 days of the date of this Order. (Ordered byJudge Sam R Cummings on 7/22/2011) (lkw) (Entered: 7/22/2011) |
| 7/22/2011 (p.1090) | 58 | RESPONSE filed by Bureau of Alcohol, Tobacco, Firearms, and Explosives, Eric H. Holder, Jr, Kenneth Melson re: [55] Supplemental Document (Riess, Daniel) (Entered: 7/22/2011) |
| 9/29/2011 (p.1093) | 59 | ORDER denying [21] Motion to Dismiss; granting [21] Motion for Summary Judgment. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) is DENIED; as to the Second Amendment issue, Defendants' Motion for Summary Judgment is GRANTED, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) is DENIED as moot, and Plaintiffs' Motion for Summary Judgment is DENIED; and as to the Equal Protection issue, Defendants' Motion for Summary Judgment is GRANTED, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) is DENIED as moot, and Plaintiffs' Motion for Summary Judgment is DENIED. (Ordered by Judge Sam R Cummings on 9/29/2011) (lkw) (Entered: 9/29/2011) |
| 9/29/2011 (p.1110) | 60 | JUDGMENT: For the reasons stated in the Court's order of even date, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs, Rebekah Jennings, Brennan Harmon, Andrew Payne, and National Rifle Association of America, Inc., take nothing as againstDefendants, the Bureau of Alcohol, Tobacco, Firearms and Explosives; Kenneth E. Melson, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and Eric H. Holder, Jr., in his official capacity as Attorney General of the United States. Costs of court are taxed against Plaintiffs. (Ordered by Judge Sam R Cummings on 9/29/2011) (lkw) (Entered: 9/29/2011) |
| 10/4/2011 (p.1111) | 61 | NOTICE OF APPEAL to the Fifth Circuit as to [60] Judgment,, by Brennan Harmon, Rebekah Jennings, National Rifle Association of America, Inc., Andrew M. Payne. Filing fee $455, receipt number 0539-4158710. T.O. form to appellant electronicallyat <u>Transcript Order Form</u> or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. (Cooper, Charles) (Entered: 10/4/2011) |

TAB 2

**Earliest Known Age-Based State Restrictions on the Use or Purchase of Firearms**

| State | Year[1] | Statutory Text | Source | State Right to Bear Arms Provision, and When Enacted[2] |
|-------|------|----------------|--------|----------------------------------------------|
| Alabama | 1856 | Section 1 Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened, That any one who shall sell or give or lend, to any male minor, a bowie knife, or knife or instrument of the like kind or description, by whatever name called, or air gun or pistol, shall, on conviction be fined not less than three hundred, nor more than one thousand dollars. | An Act to Amend the Criminal Law, No. 26, § 1, 1856 ALA. ACTS 17, 17. | "That every citizen has a right to bear arms in defense of himself and the state." ALA. CONST. art. I, § 27 (1819). |
| Alaska | 1978 | Sec. 11.61.220. Misconduct Involving Weapons in the Third Degree. (a) A person commits the crime of misconduct involving weapons in the third degree if he. . . (3) being an unemancipated minor under 16 years of age, possesses a firearm without the consent of his parent or guardian. | An Act revising the criminal laws of the state, changing Rule 35 of the Alaska Supreme Court's Rules of Criminal Procedure; and providing for an effective date, ch. 166, § 11.61.220(a)(3), 1978 ALASKA SESSION LAWS AND RESOLVES, SECOND SESSION 1, 68. | "A well-regulated militia being necessary to the security of a free state, the right of the people to keep and bear arms shall not be infringed." ALASKA CONST., art. I, § 19 (1959). |
| Arizona | 1883 [1912] | Any person who shall sell or give to any minor under the age of fourteen years, or to any person for the use of such minor, any firearms, or toy pistols from which dangerous and explosive substances may be discharged, shall be deemed guilty of a misdemeanor. | An Act to prohibit the sale of toy pistols or firearms to minors, No. 71, §§ 1-2, 1883 ARIZ. LAWS 178, 178-79.  SAMUEL L. PATTEE, ED., THE REVISED STATUTES OF ARIZONA: PENAL CODE 85 (1913).  (Although the Act was passed in 1883, Arizona was not admitted as a State until 1912. The text is taken from the code.) | "The right of the individual citizen to bear arms in defense of himself or the State shall not be impaired, but nothing in this section shall be construed as authorizing individuals or corporations to organize, maintain, or employ an armed body of men." ARIZONA CONST. art. II, § 26 (1912). |

---

[1] The year of enactment has been provided wherever known. If the year of enactment is unknown, the date provided is the year of first codification, and is asterisked.

[2] See Eugene Volokh, State Constitutional Rights to Keep and Bear Arms, 11 TEXAS REV. OF LAW & POLITICS 191, 193-204 (2006).

USCA5 313

| State | Year | Statute | Act | Constitution |
|---|---|---|---|---|
| Arkansas | 1975 | (1) A person commits the offense of furnishing a deadly weapon to a minor when he sells, barters, leases, gives, rents or otherwise furnishes a firearm or other deadly weapon to a minor without the consent of a parent, guardian, or other person responsible for general supervision of his welfare.<br><br>(2) Furnishing a deadly weapon to a minor is a class A misdemeanor. | An Act to Reform, Revise, and Codify the Substantive Criminal Law of the State of Arkansas, and for Other Purposes, No. 280, § 3109, 2 ARK. GENERAL ACTS 500, 697 (1975). | "The citizens of this State shall have the right to keep and bear arms, for their common defense." ARK. CONST. art. II, § 5 (1874). |
| California | 1923 | Sec. 5.  Except as otherwise provided in this act, it shall be unlawful for any person within this state to carry concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver or other firearm capable of being concealed upon the person without having a license to carry such firearm as hereinafter provided in section eight hereof.  Any person who violates the provisions of this section shall be guilty of a misdemeanor, and if he has been convicted previously of any felony, or of any crime made punishable by this act, he is guilty of a felony.<br><br>This section shall not be construed to prohibit any citizen of the United States, over the age of eighteen years, who resides or is temporarily sojourning within this state, and who is not within the excepted classes prescribed by section two hereof, from owning, possessing or keeping within his place of residence or place of business any pistol, revolver or other firearm capable of being concealed upon the person, and no permit or license to purchase, own, possess or keep any such firearm at his place of residence or place of business shall be required of any such citizen. | An act to control and regulate the possession, sale and use of pistols, revolvers and other firearms capable of being concealed upon the person; . . . ch. 339, § 5, 1923 CAL. STATUTES 695, 697. | None |
| Colorado | 1993 | Except as provided in this section, it is unlawful for any person who has not attained the age of eighteen years knowingly to have any handgun in such person's possession. | An Act concerning the commission of criminal acts by juveniles, and making an appropriation in connection therewith, ch. 1, § 2, 1993 COLO. LAWS 1, 2. | "The right of no person to keep and bear arms in defense of his home, person and property, or in aid of the civil power when thereto legally summoned, shall be called in question; but nothing herein contained shall be construed to justify the practice of carrying concealed weapons." COLO. CONST. art. I, § 13 (1876). |

USCA5 314

| | | | | |
|---|---|---|---|---|
| Connecticut | 1923 | Sec. 8.  No person shall make any false statement or give any false information connected with any purchase, sale or delivery of any pistol or revolver, and no person shall sell, barter, hire, lend, give or deliver to any minor under the age of eighteen years any pistol or revolver. | An Act concerning the possession, sale and use of pistols and revolvers, ch. 252, § 8, 1923 CONN. PUBLIC ACTS PASSED BY THE GENERAL ASSEMBLY 3707, 3709. | "Every citizen has a right to bear arms in defence of himself and the state." CONN. CONST. art. I, § 15 (1818). |
| Delaware | 1881 | Section 1.  That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall knowingly sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall upon conviction thereof, be fined not less than twenty-five nor more than one hundred dollars or imprisoned in the county jail for not less than ten nor more than thirty days, or both at the discretion of the court: *Provided*, that the provisions of this section shall not apply to the carrying of the usual weapons by policemen and other peace officers. | An Act providing for the punishment of persons carrying concealed deadly weapons, ch. 548, § 1, 1881, 16 DEL. LAWS 716, 716. | None |
| District of Columbia | 1892 | Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That it shall not be lawful for any person or persons within the District of Columbia, to have concealed about their person any deadly or dangerous weapons, such as daggers, air-guns, pistols, bowie-knives, dirk knives or dirks, blackjacks, razors, razor blades, sword canes, slung shot, brass or other metal knuckles. … Section 5.  That any person or persons who shall, within the District of Columbia, sell, barter, hire, lend or give to any minor under the age of twenty-one years any such weapon as hereinbefore described shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, pay a fine or penalty of not less than twenty dollars nor more than one hundred dollars, or be imprisoned in the jail of the District of Columbia not more than three months. | An Act to punish the carrying or selling of deadly or dangerous weapons within the District of Columbia, and for other purposes, ch. 159, 27 Stat. 116, 116-17 (1892). | "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. CONST. amend. II (1791). |

USCA5 315

| Florida | 1881 | Section 1. It shall be unlawful for any person or persons to sell, hire, barter, lend or give to any minor under sixteen years of age any pistol, dirk or other arm or weapon, other than an ordinary pocket-knife, or a gun or rifle used for hunting, without the permission of the parents of such minor, or the person having charge of such minor, and it shall be unlawful for any person or persons to sell, hire, barter, lend or give to any person or persons of unsound mind, any dangerous weapon other than an ordinary pocket-knife.<br><br>Section 2. Any person or persons so offending shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than twenty nor more than fifty dollars, or imprisoned in the county jail not more than three months. | An Act to Prevent the Selling, Hiring, Bartering, Lending or Giving to Minors under Sixteen Years of Age, or to any Person of Unsound Mind, Certain Fire-arms or other Dangerous Weapons, No. 67, ch. 3285, § 1-2, 1881 FLA. ACTS AND RESOLUTIONS 87, 87. | "The people shall have the right to bear arms in defence of themselves and of the lawful authority of the State." FLA. CONST. art. I, § 22 (1868). |
| --- | --- | --- | --- | --- |
| Georgia | 1876 | Section I. Be it enacted, etc., That from and after the passage of this Act, it shall not be lawful for any person or persons knowingly to sell, give, lend or furnish any minor any pistol, dirk, bowie knife or sword cane. Any person found guilty of a violation of this Act shall be guilty of a misdemeanor, and punished as prescribed in section 4310 of the Code of 1873: *Provided*, that nothing herein contained shall be construed as forbidding the furnishing of such weapons under circumstances justifying their use in defending life, limb or property. | An Act to punish any person or persons who shall sell, give, lend or furnish any minor or minors with deadly weapons herein mentioned and for other purposes, No. 63, § 1, 1876 GA. ACTS AND RESOLUTIONS 112, 112. | "A well-regulated militia being necessary to the security of a free people, the right of the people to keep and bear arms shall not be infringed; but the general assembly shall have power to prescribe by law the manner in which arms may be borne." GA. CONST. art. I, § 14 (1868). |
| Hawaii | 1988 | Where the urgency or the need has been sufficiently indicated, the respective chief of police may grant to an applicant of good moral character who is a citizen of the United States of the age of twenty years or more, is engaged in the protection of life and property, and is not prohibited under section 134-7 from the ownership or possession of a firearm, a license to carry a pistol or revolver and ammunition therefor unconcealed on the person within the county where the license is granted. Unless renewed, the license shall expire one year from the date of issue. | A Bill for an Act Relating to Firearms and Ammunition, No. 275, § 134-9(a), 1988 HAW. SESSION LAWS PASSED BY THE FOURTEENTH STATE LEGISLATURE 510, 515. | "A well regulated militia being necessary to the security of a free state, the right of the people to keep and bear arms shall not be infringed." HAW. CONST. art. I, § 17 (1959). |

USCA5 316

| Idaho | 1909 | Section 1. If any person, (excepting officials of a county, officials of the State of Idaho, officials of the United States, peace officers, guards of any jail, any officer of any express company on duty), shall carry concealed upon or about his person any dirk, dirk knife, bowie knife, dagger, slung shot, pistol, revolver, gun or any other deadly or dangerous weapon within the limits or confines of any city, town, or village, or in any public assembly, or in any mining, lumbering, logging, railroad, or other construction camp within the State of Idaho, or shall, in the presence of one or more persons, exhibit any deadly or dangerous weapon in a rude, angry, or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated, or under the influence of intoxicating drinks, or shall, directly or indirectly, sell or deliver, loan or barter to any minor under the age of sixteen (16) years any such weapon, without the consent of the parent or guardian of such minor, he shall upon conviction, be punished by a fine of not less than twenty-five dollars ($25.00) nor more than two hundred dollars ($200.00), or by imprisonment in the county jail for a period of not less than twenty (20) nor more than sixty (60) days, or by both such fine and imprisonment: *Provided, however,* that it shall be a good defense to the charge of carrying such concealed weapons if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person, family, home or property. | An Act to regulate the use and carrying of concealed deadly weapons and to regulate the sale or delivery of deadly weapons to minors under the age of sixteen years… No. 62, § 1, 1909 IDAHO GENERAL LAWS PASSED AT THE TENTH SESSION OF THE STATE LEGISLATURE 6, 6. | "The people have the right to bear arms for their security and defence; but the Legislature shall regulate the exercise of this right by law." IDAHO CONST., art. I, § 11 (1889). |
| Illinois | 1881 | § 2. Whoever, not being the father, guardian or employer of the minor herein named, by himself or agent, shall sell, give, loan, hire or barter, or shall offer to sell, give, loan, hire or barter to any minor within this state, any pistol, revolver, derringer, bowie knife, dirk or other deadly weapon of like character, capable of being secreted upon the person, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25), nor more than two hundred dollars ($200). | An Act to regulate the traffic in deadly weapons and to prevent the sale of them to minors, § 2, 1881 ILL. LAWS 73, 73. | None |

USCA5 317

| | | | | |
|---|---|---|---|---|
| Indiana | 1875 | Section 1.  Be it enacted by the General Assembly of the State of Indiana, That it shall be unlawful for any person to sell, barter, or give to any other person under the age of twenty-one years any pistol, dirk, or bowie-knife, slung-shot, knucks, or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell, barter, or give to any person, under the age of twenty-one years, any cartridges manufactured and designed for use in a pistol. | An Act to prohibit the sale, gift, or bartering of deadly weapons or ammunition therfor, to minors, ch. 40, § 1, 1875 IND. LAWS 59, 59. | "The people shall have a right to bear arms, for the defense of themselves and the State." IND. CONST. art. I, § 32 (1851). |
| Iowa | 1884 | Section 1. That it shall be unlawful for any person to knowingly sell, present or give any pistol, revolver or toy pistol to any minor. | An Act to Prohibit the Selling or Giving of Fire Arms to Minors, ch. 78, § 1, 1884 IOWA ACTS AND RESOLUTIONS 86, 86. | None |
| Kansas | 1883 | Section 1. Any person who shall sell, trade, give, loan or otherwise furnish any pistol, revolver or toy pistol, by which cartridges or caps may be exploded, or any dirk, bowie knife, brass knuckles, slung shot, or other dangerous weapons to any minor, or to any person of notoriously unsound mind, shall be deemed guilty of a misdemeanor, and shall, upon conviction before any court of competent jurisdiction, be fined not less than five nor more than one hundred dollars.  Sec. 2. Any minor who shall have in his possession any pistol, revolver or toy pistol, by which cartridges may be exploded, or any dirk, bowie-knife, brass knuckles, slung shot or other dangerous weapon, shall be deemed guilty of a misdemeanor, and upon conviction before any court of competent jurisdiction shall be fined not less than one nor more than ten dollars. | An Act to prevent selling, trading or giving of deadly weapons or toy pistols to minors, and to provide punishment therefor, ch. 105, §§ 1-2, 1883 KAN. SESSION LAWS 159, 159. | "The people have the right to bear arms for their defense and security; but standing armies, in time of peace, are dangerous to liberty, and shall not be tolerated, and the military shall be in strict subordination to the civil power." KAN. CONST. bill of rights, § 4 (1859). |
| Kentucky | 1873* | § 1. If any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, or shall sell a deadly weapon to a minor other than an ordinary pocket knife, such person shall, upon indictment and conviction, be fined not less than twenty-five nor more than one hundred dollars, and imprisoned in the county jail for not less than ten nor more than thirty days, in the discretion of the court or jury trying the case. | EDWARD I. BULLOCK & WILLIAM JOHNSON, EDS., THE GENERAL STATUTES OF THE COMMONWEALTH OF KENTUCKY art. 29, at 359 (1873). | "That the rights of the citizens to bear arms in defence of themselves and the State shall not be questioned; but the general assembly may pass laws to prevent persons from carrying concealed arms." KY. CONST. art. XIII, § 25 (1850). |

USCA5 318

| | | | |
|---|---|---|---|
| Louisiana | 1890 | Section 1. Be it enacted by the General Assembly of the State of Louisiana, That, hereafter, it shall be unlawful, for any person to sell, or lease or give through himself or any other person, any pistol, dirk, bowie-knife or any other dangerous weapon, which may be carried concealed to any person under the age of twenty-one years. | An Act Making it a misdemeanor for any person to sell, give or lease, to any minor, any pistol, bowie-knife, dirk or any weapon, intended to be carried or used as a concealed weapon,  No. 46, § 1, 1890 LA. ACTS 39, 39. | "A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be abridged. This shall not prevent the passage of laws to punish those who carry weapons concealed." LA. CONST. art. 3 (1879). |
| Maine | 1909 | Section 1. It shall be considered injurious to the physical, mental or moral welfare of any child, or children within the age defined by the statutes of this state concerning infants in distress, to smoke or use tobacco in any form, or to use or drink alcoholic or intoxicating liquors, or to use narcotic drugs of any kind or description unless prescribed by a physician, or otherwise used in case of sickness; and any person selling, giving or furnishing any such child with cigarettes, cigarette papers, tobacco, liquor or other narcotic drugs in any form or encouraging such child to use the same, except as otherwise provided herein, shall be deemed guilty of encouraging, causing or contributing to the delinquency or distress of such child, and shall be punished, on conviction thereof, by a fine not exceeding one hundred dollars or imprisonment for a term not exceeding thirty days.<br><br>Section 2. It shall be considered dangerous to the welfare of such children to give, furnish or sell to them any dangerous weapon or firearms, except in cases where the parents, guardians, teachers or instructors of children may furnish them with such weapons for hunting or target shooting outside the limits of any incorporated town or city, or where the same may be used in any regular licensed shooting gallery, and any person violating this provision shall also be deemed guilty of causing, encouraging or contributing to the delinquency or distress of children, and may be similarly proceeded against and punished as under the foregoing section. | An Act concerning the Protection of Children, and defining certain Acts which shall be considered as causing, encouraging or contributing to the Delinquency or Distress of Infants, ch. 166, §§ 1-2, 1909 ME. ACTS AND RESOLVES 169, 169. | "Every citizen has a right to keep and bear arms for the common defence; and this right shall never be questioned." ME. CONST. art. I, § 16 (1819). |

USCA5 319

| Maryland | 1882 | Sec. 2 Be it enacted, That it shall be unlawful for any person, be he licensed dealer or not, to sell, barter or give away any firearm whatsoever or other deadly weapons, except shot guns, fowling pieces and rifles, to any person who is a minor under the age of twenty-one years. Any person or persons violating any of the provisions of this act shall, on conviction thereof, pay a fine of not less than fifty nor more than two hundred dollars, together with costs of prosecution, and upon failure to pay said fine and cost, be committed to jail and confined therein until such fine and costs are paid, or for the period of sixty days, whichever shall first occur. | An Act to prohibit the sale of "Deadly Weapons to Minors," ch. 424, § 2, 1882 MD. LAWS 656, 656. | None |
|---|---|---|---|---|
| Massachusetts | 1884 | Section 1. No person shall sell or furnish to a minor under the age of fifteen years, any firearms or other dangerous weapon: *provided*, that instructors and teachers may furnish military weapons to pupils for instruction and drill.<br><br>Section 2. Whoever violates the provisions of this act shall for each offence be punished by fine not less than ten nor more than fifty dollars. | An Act to prohibit the sale of firearms and other dangerous weapons to minors, ch. 76, §§ 1-2, 1884 MASS. ACTS AND RESOLVES 57, 57. | "The people have a right to keep and to bear arms for the common defence. And as, in time of peace, armies are dangerous to liberty, they ought not to be maintained without the consent of the legislature; and the military power shall always be held in an exact subordination to the civil authority, and be governed by it." MASS. CONST. pt. 1, art. 17 (1780). |
| Michigan | 1883 | Section 1. The People of the State of Michigan enact, That no person shall sell, give, or furnish to any child under the age of thirteen years, any cartridge of any form or material, or any pistol, gun, or other mechanical contrivance, specially arranged or designated for the explosion of the same.<br><br>Sec. 2. Any person violating any of the provisions of the foregoing section, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than ten dollars, nor more than fifty dollars, and costs of prosecution, or imprisonment in the county jail not less than ten days nor more than ninety days, or both such fine and imprisonment, in the discretion of the court.<br><br>Sec. 3. It shall be unlawful for any person under the age of thirteen years to have in possession, or use any of the articles named in section one of this act. | An Act to prevent the sale and use of toy pistols, No. 138, §§ 1-3, 1883 MICH. PUBLIC ACTS 144, 144. | "Every person has a right to bear arms for the defence of himself and the state." MICH. CONST. art. XVIII, § 7 (1850). |

8

USCA5 320

| Minnesota | 1889 | Section 1. That it shall be unlawful for any minor person under the age of fourteen (14) years to handle or have in his possession or control, except while accompanied by or under the immediate charge of his parent or guardian, any firearm of any species whatever, for hunting or target practice, or any other purpose whatever. And any one violating any of the provisions of this act, or aiding or knowingly permitting any minor person of such age, except as herein provided, to violate the same, shall be deemed guilty of a misdemeanor. | An act to prohibit the use of firearms by minors, and to punish the same, ch. 16, § 1, MINN. GENERAL LAWS 58, 58-59. | None |
|---|---|---|---|---|
| Mississippi | 1878 | Section 1. Be it enacted by the Legislature of the State of Mississippi, That any person not being threatened with, or having good and sufficient reason to apprehend an attack, or traveling (not being a tramp) or setting out on a journey, or peace officers, or deputies in discharge of their duties, who carries concealed, in whole or in part, any bowie knife, pistol, brass knuckles, slung shot or other deadly weapon of like kind or description, shall be deemed guilty of a misdemeanor, and on conviction, shall be punished for the first offence by a fine of not less than five dollars nor more than one hundred dollars, and in the event the fine and cost are not paid shall be required to work at hard labor under the direction of the board of supervisors or of the court, not exceeding two months, and for the second or any subsequent offence, shall, on conviction, be fined not less than fifty nor more than two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor not exceeding six months under the direction of the board of supervisors, or of the court. That in any proceeding under this section, it shall not be necessary for the State to allege or prove any of the exceptions herein contained, but the burden of proving such exception shall be on the accused.

Sec. 2. Be it further enacted, That it shall not be lawful for any person to sell to any minor or person intoxicated, knowing him to be a minor or in a state of intoxication, any weapon of the kind or description in the first section of this Act described, or any pistol cartridge, and on conviction shall be punished by a fine not exceeding two hundred dollars, and if the fine and costs are not paid, be condemned to hard labor under the direction of the board of supervisors or of the court, not exceeding six months. | An Act to prevent the carrying of concealed weapons, and for other purposes, ch. 66, §§ 2-3, 1878 MISS. LAWS 175, 175-76. | "All persons shall have a right to keep and bear arms for their defence." MISS. CONST. art. I, § 15 (1868). |

USCA5 321

| | | | | |
|---|---|---|---|---|
| | | Sec. 3. Be it further enacted, That any father, who shall knowingly suffer or permit any minor son under the age of sixteen years to carry concealed, in whole or in part, any weapon of the kind or description in the first section of this Act described, shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than twenty dollars, nor more than two hundred dollars, and if the fine and costs are not paid, shall be condemned to hard labor under the direction of the board of supervisors or of the court. | | |
| Missouri | 1879* | If any person shall carry concealed, upon or about his person, any deadly or dangerous weapon, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, literary or social purposes, or to any election precinct, on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill or meetings called under the militia law of this state, having upon or about his person any kind of firearms, bowie-knife, dirk, dagger, slung-shot, or other deadly weapon, or shall, in the presence of one or more persons, exhibit any such weapon in a rude, angry or threatening manner, or shall have or carry any such weapon upon or about his person when intoxicated or under the influence of intoxicating drinks, or shall, directly or indirectly, sell or deliver, loan or barter to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall, upon conviction, be punished by a fine of not less than five nor more than one hundred dollars, or by imprisonment in the county jail not exceeding three months, or by both such fine and imprisonment. | Carrying deadly weapons, etc., § 1274, JOHN A. HOCKADAY, ET AL., EDS., 1 THE REVISED STATUTES OF THE STATE OF MISSOURI, § 1274, at 224 (1879). | "That the people have the right peaceably to assemble for their common good, and to apply to those vested with the powers of government for redress of grievances, by petition or remonstrance; and that their right to bear arms in defence of themselves and of the lawful authority of the State cannot be questioned." MO. CONST. art. I, § 8 (1865). |
| Montana | 1907 | Section 1. It shall be unlawful for any parent, guardian, or other person, having the charge or custody of any minor child under the age of fourteen years, to permit such minor child to carry or use any firearms of any description, loaded with powder and lead, in public, except when such child is in the company of such parent or guardian. | An Act prohibiting the use of firearms by children under the age of fourteen years, ch. 111, § 1, 1907 MONT. LAWS, RESOLUTIONS AND MEMORIALS 282, 282-83. | "The right of any person to keep or bear arms in defense of his own home, person, and property, or in aid of the civil power when thereto legally summoned, shall not be called in question, but nothing herein contained shall be held to permit the carrying of concealed weapons." MONT. CONST. art. II, § 12 (1889). |

10

USCA5 322

| Nebraska | 1977 | (1) Any person under the age of eighteen years who possesses a pistol, revolver, or any other form of short-barreled hand firearm commits the offense of unlawful possession of a revolver.<br><br>(2) The provisions of this section shall not apply to the issuance of such firearms to the armed forces of the United States, active or reserve, state militia, or Reserve Officers Training Corps, when on duty or training, or to the temporary loan of pistols, revolvers, or any other form of short-barreled firearms for instruction under the immediate supervision of a parent or guardian or adult instructor.<br><br>(3) Unlawful possession of a revolver is a Class III misdemeanor. | An Act to adopt the Nebraska Criminal Code;…, Legis. Bill 38, § 236, 1977 NEB. LAWS 88, 195. | None (adopted provision in 1988) |
| Nevada | 1881 [1885] | Section 1. Every person under the age of eighteen (18) years who shall wear or carry any dirk, pistol, sword in case, slung shot, or other dangerous and deadly weapon concealed upon his person shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be fined not less than twenty nor more than two hundred ($200) dollars, or by imprisonment in the County Jail not less than thirty days nor more than six months, or by both such fine and imprisonment.<br><br>[1885 act substituted "twenty-one (21)" for "eighteen (18)," without any other substantive change] | An Act to Prohibit the Carrying of Concealed Weapons by Minors, ch. 104, § 1, 1881 NEV. STATUTES 143, 143-44; An Act to amend an Act entitled "An Act to prohibit the carrying of concealed weapons by minors, ch. 51, § 1, 1885 NEV. STATUTES 51, 51. | None (adopted provision in 1982) |
| New Hampshire | 1923 | Sect. 7. Any person or persons who shall sell, barter, hire, lend or give to any minor under the age of twenty-one years any pistol or revolver shall be deemed guilty of a misdemeanor and shall upon conviction thereof be fined not more than one hundred dollars or be imprisoned not more than three months, or both. This section shall not apply to fathers, mothers, guardians, administrators, or executors who give to their children, wards, or to heirs to an estate, a revolver. | An Act to control the possession, sale, and use of pistols and revolvers, ch. 118, § 7, 1923 N.H. LAWS 138, 139. | None (adopted provision in 1982) |

USCA5 323

| New Jersey | 1882 | 1. Be it enacted by the Senate and General Assembly of the State of New Jersey, That it shall not be lawful for any person or persons, to sell, barter, or exchange, or to offer or exhibit for sale, barter or exchange, any gun, pistol, toy pistol, or other firearms in this state, to any person under the age of fifteen years.<br><br>2. And be it enacted, That it shall not be lawful for any person to sell, hire or loan to any person under the age of fifteen years, any gun, pistol, toy pistol or other firearms, or for any person under the age of fifteen years to purchase, barter or exchange, or carry, fire or use any gun, pistol, toy pistol or other firearms in this state.<br><br>3. And be it enacted, That any person offending against the provisions of this act shall be deemed guilty of a misdemeanor, and on being thereof convicted shall be punished by a fine not exceeding one hundred dollars, or imprisonment at hard labor for any term not exceeding three months, or both, at the discretion of the court. | An Act to prevent vending, using or exploding, of guns, pistols, toy pistols, or other firearms, to or by persons under the age of fifteen years in this state, ch. 4, §§ 1-3, 1882 N.J. Acts 13, 13-14. | None |
| New Mexico | 1971 | A. It is unlawful after April 1, 1972, for any person born after January 1, 1958, to hunt with or shoot a firearm, unless:<br>(1) he is supervised by a parent, legal guardian or a responsible adult designated by the parent or guardian; or<br>(2) he carries a certificate indicating that he has successfully completed the New Mexico hunter training course or the hunter training course of another state which is approved by the New Mexico department of game and fish; or<br>(3) he is eighteen years of age or older.<br><br>B. It is unlawful after April 1, 1976, for any person under the age of eighteen years to hunt with or shoot a firearm unless he is carrying a certificate indicating that he has successfully completed the New Mexico hunter training course or the hunter training course of another state which is approved by the New Mexico department of game and fish.<br><br>C. Any person violating the provisions of this section is guilty of a petty misdemeanor. | An Act relating to firearms; providing for courses in the handling of firearms and proof of competency; providing for the revocation of certification; and prescribing a penalty, ch. 61, § 2, 1971 N.M. Laws 175, 175-76 (1971). | "No law shall abridge the right of the citizen to keep and bear arms for security and defense, for lawful hunting and recreational use and for other lawful purposes, but nothing herein shall be held to permit the carrying of concealed weapons." N.M. Const. art. II, § 6 (1971). |

USCA5 324

| New York | 1883 | Section 1.  No person under the age of eighteen years shall have, carry or have in his possession in any public street, highway or place in any of the cities of this state, any pistol or other fire-arms of any kind, and no person shall in such cities sell or give any pistol or other fire-arms to any person under such age.<br><br>§ 2. Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and in all trials or examinations for said offense the appearance of the person so alleged or claimed to be under the age of eighteen years shall be evidence to the magistrate or jury as to the age of such person.<br><br>§ 3. Nothing herein contained shall apply to the regular and ordinary transportation of pistols or fire-arms as articles of merchandise in said cities, or to the carrying of a gun or rifle through a street or highway of any city, with the intent to use the same outside of said city; nor to any person under such age carrying any pistol or other firearms under a license given by the mayor of said cities; but no licenses so given shall be in force more than one year from its date, and all such licenses may be revoked at the pleasure of the mayor, and a full, complete and public record shall be kept by the mayor of said cities of all such licenses, and the terms and date thereof.<br><br>§ 4. This act shall take effect immediately. | An Act to limit the carrying and sale of pistols and other fire-arms in the cities of this state, ch. 375, §§ 1-4, 1883 N.Y. LAWS 556, 556-57. | None |
| North Carolina | 1893 | Section 1.  That it shall be unlawful for any person, corporation or firm knowingly to sell or offer for sale, give or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie-knife, dirk, loaded cane, or sling-shot.<br><br>Sec. 2  That any person, corporation or firm violating this act shall be guilty of a misdemeanor, and upon conviction for each and every offence shall be fined or imprisoned, one or both, in the discretion of the court. | An act to prevent the sale of deadly weapons to minors, ch. 514, §§ 1-2, 1893 N.C. PUBLIC LAWS AND RESOLUTIONS 468, 468-69. | "A well-regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed; and as standing armies in time of peace are dangerous to liberty, they ought not to be kept up, and the military should be kept under strict subordination to and governed by the civil power.  Nothing herein contained shall justify the practice of carrying concealed weapons, or prevent the legislature from enacting penal statutes against said practice."  N.C. CONST. art. I, § 24 (1876). |

USCA5 325

| North Dakota | 1985 | 4. A person under the age of eighteen years may not possess a handgun except that such a person may, while under the direct supervision of an adult, possess a handgun for the purposes of firearm safety training, target shooting, or hunting. | An Act to create and enact chapters 62.1-01, 62.1-02, 62.1-03, 62.1-04, and 62.1-05 of the North Dakota Century Code, relating to the possession, sale, and use of weapons…., ch. 683, § 4(4), 1985 N.D. Laws 2226, 2230. | "All individuals are by nature equally free and independent and have certain inalienable rights, among which are those of enjoying and defending life and liberty; acquiring, possessing and protecting property and reputation; pursuing and obtaining safety and happiness; and to keep and bear arms for the defense of their person, family, property, and the state, and for lawful hunting, recreational, and other lawful purposes, which shall not be infringed." N.D. Const. art. I, § 1 (1985). |
|---|---|---|---|---|
| Ohio | 1880 | Section 1. Be it enacted by the General Assembly of the State of Ohio, That the following section be enacted as supplementary to chapter 8, title 1, part 4, of the revised statutes with sectional number as herein provided:<br><br>Section 6986a. That whoever sells, barters, or gives away to any minor under the age of fourteen years, any air-gun, musket, rifle-gun, shot-gun, revolver, pistol, or other fire arm, of any kind or description whatever, or ammunition for the same, or whoever being the owner, or having charge or control of any such air-gun, musket, rifle-gun, shot-gun, revolver, pistol or other fire-arm knowingly permits the same to be used by such minor, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding one hundred dollars, or be imprisoned in jail not exceeding thirty days or both. | An Act Supplementary to chapter eight (8), title one (1), part four (4), of the revised statutes of Ohio, § 1, 1880 Ohio General and Local Laws 79, 79-80. | "The people have the right to bear arms for their defense and security; but standing armies, in time of peace, are dangerous to liberty, and shall not be kept up; and the military shall be in strict subordination to the civil power." Ohio Const. art. I, § 4 (1851). |

USCA5 326

| | | | | |
|---|---|---|---|---|
| Oklahoma | 1890 [1907] | § 2545.  Carrying concealed weapons.  It shall be unlawful for any person in the State of Oklahoma to carry concealed on or about his person, saddle or saddle bags, any pistol, revolver, bowie knife, dirk, dagger, slung-shot, sword cane, spear, metal knuckles or any other kind of knife or instrument manufactured or sold for the purpose of defense, except as in this article provided.<br><br>§ 2546.  Carrying weapons.  It shall be unlawful for any person in the State of Oklahoma to carry upon or about his person any pistol, revolver, bowie-knife, dirk knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided.<br><br>§ 2547.  Selling weapons to minors.  It shall be unlawful for any person within this State to sell or give to any minor any of the arms or weapons designated in the two preceding sections. | Act of 1890, ch. 25, art. 47, §§ 1-3, 1890 OKLA. STATUTES 495, 495.<br><br>CLINTON ORRIN BUNN, ED., 1 REVISED LAWS OF OKLAHOMA §§ 2545-47, at 628 (1910).<br><br>(Although the Act was passed in 1890, Oklahoma was not admitted as a State until 1907. The text is taken from the code.) | "The right of a citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power, when thereunto legally summoned, shall never be prohibited; but nothing herein contained shall prevent the Legislature from regulating the carrying of weapons." OKLA. CONST. art. II, § 26 (1907). |
| Oregon | 1868 | WHEREAS, The constitution of the United States, in article second of amendments to the constitution, declares that "the right of the people to keep and bear arms shall not be infringed;" and the constitution of the state of Oregon, in article first, section twenty-seven, declares that "the people shall have the right to bear arms for the defense of themselves and the state;" therefore;<br><br>Be it enacted by the Legislative Assembly of the State of Oregon as follows:<br><br>Section 1. Every white male citizen of this state above the age of sixteen years, shall be entitled to have, hold, and keep, for his own use and defense, the following fire-arms, to wit: Either or any one of the following named guns, and one revolving pistol: a rifle, shotgun (double or single barrel), yager, or musket; the same to be exempt from execution, in all cases, under the laws of Oregon.<br><br>§ 2. No officer, civil or military, or other person, shall take from or demand of the owner any fire-arms mentioned in this act, except where the services of the owner are also required to keep the peace or defend the state. | An Act to protect the owners of Fire-Arms, §§ 1-2, 1868 OR. GENERAL LAWS 18, 18-19. | "The people shall have the right to bear arms for the defence of themselves, and the State, but the Military shall be kept in strict subordination to the civil power." OR. CONST. art. I, § 27 (adopted 1857). |

USCA5 327

| | | | | |
|---|---|---|---|---|
| Pennsylvania | 1881 | Section 1. Be it enacted, &c., That any person, who shall knowingly and wilfully sell or cause to be sold, to any person under sixteen years of age, any cannon, revolver, pistol or other such deadly weapon, or who shall knowingly and wilfully sell to or cause to be sold to any such minor, any imitation or toy cannon, revolver or pistol so made, constructed or arranged as to be capable of being loaded with gunpowder or other explosive substance, cartridges, shot, slugs or balls, and being exploded, fired off and discharged and thereby become a dangerous or deadly weapon, or who shall knowingly and wilfully sell or cause to be sold to any such minor any cartridge, gunpowder or other dangerous and explosive substance, shall, in every such case, be guilty of a misdemeanor, and upon conviction thereof shall be sentenced to pay a fine not exceeding three hundred dollars. | An Act to prohibit the sale to any person under sixteen years of age of deadly weapons, gun powder and explosive substances, in the commonwealth of Pennsylvania No. 124, § 1, 1881 PA. LAWS 111, 111-12. | "The right of the citizens to bear arms in defence of themselves and the State shall not be questioned." PA. CONST. art. 1, § 21 (1873). |
| Rhode Island | 1883 | Section 1. No person shall sell to any child under the age of fifteen years, without the written consent of a parent or guardian of such child, any cartridge or fixed ammunition of which any fulminate is a component part, or any gun, pistol or other mechanical contrivance arranged for the explosion of such cartridge or of any fulminate.<br><br>Sec. 2. Every person violating the provisions of the foregoing section shall be fined not less than ten dollars nor more than twenty dollars for each offence. | An Act in amendment of and in addition to chapter 92 of the public statutes, "Of fire-arms and fire-works," ch. 374, §§ 1-2, 1883 R.I. ACTS AND RESOLVES 157, 157. | "The right of the people to keep and bear arms shall not be infringed." R.I. CONST. art. I, § 22 (1842). |
| South Carolina | 1923 | § 19. If any person shall knowingly sell, offer for sale, give, or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie knife, dirk, loaded cane or sling shot, he shall be guilty of a misdemeanor.  Any person being the parent or guardian of, or attending in *loco parentis* to any child under the age of twelve years who shall knowingly permit such child to have the possession or custody of, or use in any manner whatever any gun, pistol, or other dangerous firearm, whether such firearm be loaded or unloaded, or any person who shall knowingly furnish such child any firearm; shall be guilty of a misdemeanor, and, upon conviction, shall be fined not exceeding Fifty Dollars or imprisoned not exceeding thirty days. | An Act to Enlarge and Define the Duties and Powers of the Probate Court in Relation to Minors in Counties Having a Population According to the Census of 1920, of Between 90,000 and 100,000 and Regulating the Procedure Therein, No. 148, § 19, 1923 S.C. ACTS AND JOINT RESOLUTIONS 207, 221 (1923). | "A well regulated militia being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed. As, in times of peace, armies are dangerous to liberty, they shall not be maintained without the consent of the General Assembly.  The military power of the State shall always be held in subordination to the civil authority and be governed by it."  S.C. CONST. art. I, § 20 (1895). |

USCA5 328

| | | | | |
|---|---|---|---|---|
| South Dakota | 1903 | § 1. Unlawful to use arms by certain persons. It shall be unlawful for any person under the age of fifteen years to carry, use or discharge any rifle, shot gun, revolver or other fire arms except with the consent and knowledge of their parents or guardians.<br><br>§ 2. Duty of parent or guardian. It shall be unlawful for any parent or guardian, having the legal charge or control of any minor under the age of fifteen years, to allow or permit such minor to use or carry while loaded any of the arms mentioned in section one of this act within the platted portion or within the distance of one mile of the platted portion of any city, town or village.<br><br>§ 3. Penalty for violation. Any person or persons violating the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in a sum not exceeding Fifty Dollars. | An Act to prohibit the use of fire arms by persons under fifteen years of age, ch. 144, §§ 1-3, 1903 S.D. LAWS 168, 168-69. | "The right of the citizens to bear arms in defense of themselves and the state shall be not denied." S.D. CONST. art. VI, § 24 (1889). |
| Tennessee | 1856 | Sec. 2 Be it enacted, That, hereafter, it shall be unlawful for any person to sell, loan, or give, to any minor a pistol, bowie-knife, dirk, or Arkansas tooth-pick, or hunter's knife; and whoever shall so sell, loan, or give, to any minor any such weapon, on conviction thereof, upon indictment or presentment, shall be fined not less than twenty-five dollars, and be liable to imprisonment, at the discretion of the Court: *Provided*, that this act shall not be construed so as to prevent the sale, loan, or gift, to any minor of a gun for hunting. | An Act to amend the Criminal Laws of this State, ch. 81, § 2, 1856 TENN. ACTS 92, 92. | "That the free white men of this State have a right to keep and to bear arms for their common defence." TENN. CONST. art. I, § 26 (1834). |
| Texas | 1897 | Section 1. Be it enacted by the Legislature of the State of Texas: That if any person in this State shall knowingly sell, give or barter, or cause to be sold, given or bartered to any minor, any pistol, dirk, dagger, slung shot, sword-cane, spear, or knuckles made of any metal or hard substance, bowie knife or any other knife manufactured or sold for the purpose of offense or defense, without the written consent of the parent or guardian of such minor, or of some one standing in lieu thereof, he shall be punished by fine of not less than twenty-five dollars nor more than two hundred dollars, or by imprisonment in the county jail not less than ten nor more than thirty days, or by both such fine and imprisonment. And during the time of such imprisonment such offender may be put to work upon any public work in the county in which such offense is committed. | An Act to prevent the barter, sale and gift of any pistol, dirk, dagger, slung shot, sword-cane, spear, or knuckles made of any metal or hard substance to any minor without the written consent of the parent or guardian of such minor, or of some one standing in lieu thereof, and providing a penalty for the violation, ch. 155, § 1, 1897 TEXAS GENERAL LAWS 221, 221-22. | "Every citizen shall have the right to keep and bear arms in the lawful defense of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime." TEXAS CONST. art. I, § 23 (1876). |

17

USCA5 329

| State | Year | | | |
|---|---|---|---|---|
| Utah | 1905 | Section. 1.  Selling or giving firearms to minors under fourteen.  Any person who sells, gives, or disposes of, or offers to sell, give or dispose of, any pistol, gun, target gun or other firearm, to any person under the age of fourteen years, is guilty of a misdemeanor.<br><br>Sec. 2.  Minor under fourteen must not carry firearms.  Any person under the age of fourteen years who shall carry, or have in his possession, any pistol, gun, target gun or other firearm, unless accompanied by a parent or guardian, shall be guilty of a misdemeanor. | An Act to prohibit the sale of firearms to minors and the carrying of firearms by minors, and prescribing penalties for violation thereof, ch. 52, §§ 1-2, 1905 UTAH LAWS 60, 60. | "The people have the right to bear arms for their security and defense, but the legislature may regulate the exercise of this right by law." UTAH CONST. art. I, § 6 (1895). |
| Vermont | 1896 | Section 1.  No person shall sell, loan, furnish or give any pistol, revolver or other firearm, constructed or designed for the use of gunpowder or other explosive substance, with leaden bullets or shot, to a child under the age of twelve years, and any person so offending, on conviction thereof, shall be punished by fine not exceeding fifty dollars, together with the costs of prosecution.<br><br>Sec. 2.  No child under the age of twelve years shall have in his control or possession any pistol or revolver, constructed or designed for the use of gunpowder or other explosive substance with leaden bullets or shot, and any person so offending shall, on conviction thereof, be fined not exceeding twenty dollars and pay costs of prosecution. | An Act relating to the sale, distribution and use of fire-arms, No. 111, §§ 1-2, 1896 VT. ACTS AND RESOLVES 83, 83. | "That the people have a right to bear arms for the defence of themselves and the State—and as standing armies in time of peace are dangerous to liberty, they ought not to be kept up; and that the military should be kept under strict subordination to and governed by the civil power." VT. CONST. ch. I, art. 16 (1777). |
| Virginia | 1889 | 1. Be it enacted by the general assembly of Virginia,<br>That, if any person sell, barter, give or furnish or cause to be sold, bartered, given, or furnished to any minor under sixteen years of age cigarettes, or pistols, or dirks, or bowie-knives, having good cause to believe him or her to be a minor under sixteen years of age, said person shall be fined not less than ten nor more than one hundred dollars.<br><br>2. This act shall be in force from its passage. | An Act to prevent selling or furnishing cigarettes or tobacco in any form, or pistols, dirks, or bowie-knives to minors under sixteen years of age, ch. 152, §§ 1-2, 1889 VA. ACTS AND JOINT RESOLUTIONS 118, 118. | None |

USCA5 330

| Washington | 1883 [1889] | It shall be unlawful for any person or persons to sell or offer for sale any toy pistols within this state, and that every person who shall sell, give, furnish, or cause to be furnished to any person under the age of sixteen years, any pistol, toy pistol, or other pocket weapon in which explosives may be used, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than five nor more than twenty-five dollars. | An Act to prohibit the sale of toy pistols, fire arms and tobacco to children under the age of sixteen years, § 1, 1883 WASH. LAWS 67, 67.<br><br>Act of Nov. 26, 1883, § 1, *in* 2 WILLIAM LAIR HILL, ED., THE GENERAL STATUTES AND CODES OF THE STATE OF WASHINGTON 698 (1891).<br><br>(Although the Act was passed in 1883, Washington was not admitted as a State until 1889. The text is taken from the code.) | None (adopted provision in 1889) |
|---|---|---|---|---|

USCA5 331

| West Virginia | 1882 | Be it enacted by the Legislature of West Virginia:<br><br>1. That section seven of chapter one hundred and forty-eight of the code of West Virginia be, and the same is hereby, amended and re-enacted so as to read as follows:<br><br>7. If a person carry about his person any revolver or other pistol, dirk, bowie knife, razor, slung shot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and fined not less than twenty-five nor more than two hundred dollars, and may, at the discretion of the court, be confined in jail not less than one, nor more than twelve months; and if any person shall sell or furnish any such weapon as is hereinbefore mentioned to a person whom he knows, or has reason, from his appearance or otherwise, to believe to be under the age of twenty-one years, he shall be punished as hereinbefore provided; but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling house or premises any such revolver or other pistol, or from carrying same from the place of purchase to his dwelling-house, or from his dwelling house to any place where repairing is done, to have it repaired, and back again.  And if upon the trial of an indictment for carrying any such pistol, dirk, razor, or bowie-knife the defendant shall prove to the satisfaction of the jury that he is a quiet and peaceable citizen, of good character and standing in the community in which he lives, and at the time he was found with such pistol, dirk, razor or bowie knife, as charged in the indictment, he had good cause to believe and did believe that he was, in danger of death or great bodily harm at the hands of another person, and that he was, in good faith, carrying such weapon for self defense and for no other purpose, the jury shall find him not guilty. | An Act amending and re-enacting section seven of chapter one hundred and forty-eight of the code of West Virginia, and adding sections thereto for the punishment of unlawful combinations and conspiracies to injury persons or property, ch. 135, § 1, 1882 W. VA. ACTS 421, 421-22. | None (adopted provision in 1986) |

USCA5 332

| Wisconsin | 1883 | Section 1.  It shall be unlawful for any minor, within this state, to go armed with any pistol or revolver, and it shall be the duty of all sheriffs, constables, or other public police officers, to take from any minor any pistol or revolver, found in his possession.<br><br>Section 2.  It shall be unlawful for any dealer in pistols or revolvers, or any other person, to sell, loan, or give any pistol or revolver to any minor in this state. | An Act to prohibit the use and sale of pistols and revolvers, ch. 329, §§ 1-2, 1883 WIS. LAWS 290, 290. | None (adopted provision in 1998) |
| Wyoming | 1890* | It shall be unlawful for any person to sell, barter or give to any other person under the age of twenty-one years any pistol, dirk or bowie knife, slung-shot, knucks or other deadly weapon that can be worn or carried concealed upon or about the person, or to sell, barter or give to any person under the age of sixteen years any cartridges manufactured and designed for use in a pistol; and any person who shall violate any of the provisions of this section shall be fined in any sum not more than fifty dollars. | Session Laws of 1890, ch. 73, § 98, *in* J.A. VAN ORSDEL & FENIMORE CHATTERTON, EDS., REVISED STATUTES OF WYOMING § 5052, at 1253 (1899). | "The right of citizens to bear arms in defense of themselves and of the state shall not be denied."  WYO. CONST. art. I, § 24 (1889). |

21

USCA5 333

TAB 3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

REBEKAH JENNINGS, et al.,                )
                                         )
                  Plaintiffs,            )
                                         )
v.                                       )          Case No.  5:10-cv-00140-C
                                         )
BUREAU OF ALCOHOL TOBACCO,               )
FIREARMS AND EXPLOSIVES et al.,          )
                                         )
                  Defendants.            )
_____)

## DECLARATION OF JACQUELINE R. MAGRUDER

I, Jacqueline R. Magruder, hereby declare:

1.   I am of majority age and otherwise competent to testify as to the matters herein, based on
     my personal knowledge.

2.   I am currently the Staff Assistant for the Office of Chief Counsel, Bureau of Alcohol,
     Tobacco, Firearms and Explosives in Washington, D.C.  I have served in this position
     since 1978.  As Staff Assistant, I am responsible for maintaining the records of the office
     and I make the following statement based on my personal knowledge or on the basis of
     information made available to me.

3.   Attached hereto is a true and correct copy of Chief Counsel Opinion 23362 (1983).


I declare under penalty of perjury that the foregoing is true and correct.


                              _____
                              Jacqueline R. Magruder
                              Staff Assistant
                              Office of Chief Counsel
                              Bureau of Alcohol, Tobacco, Firearms and Explosives


Executed this 29th day of March, 2011.

Subject: 0001177
Ruling: 23362.0
Date: 19831205
Auth: KAS
KeyWords:
"Purchasing, possession of firearms by minors"

Law-Regs:
Possession, Sales, juveniles, minors

Related Opinions:
18 USC 922(b)(1), 927

Summary:
Re your letter inquiring about Federal statutes restricting
minors from purchasing and possessing firearms.
                        Firearms licensees are prohibited from
selling or delivering handguns to persons under the age of 21. A
minor or juvenile is not prohibited by Federal law from
possesing, owning, or learning the proper usage of firearms since
any firearm that the parents or guardian desire the minor to have
can be obtained by the parents or guardian.          The age
restrictions in Federal law were intended to prevent juveniles
from acquiring firearms without their parents' or guardian's
knowledge.        State and local age restrictions may differ
from those imposed by Federal law.                    Where the
licensee knows or has reasonable cause to believe that an
underaged person is using a straw purchaser as his agent to
purchase a firearm andthe underaged person is the actual person,
the licensee should not make the sale or delivery.       Federal
law was not intended to preclude a parent or guardian from
purchasing a firearm and placing it in the possession of a minor
child or ward.

emr

DEC 5 1983

CC-32,980  FB:KAS

Mr. Sig Shore
Shore Galleries, Inc.
3318 W. Devon
Lincolnwood, IL 60659

Dear Mr. Shore:

This is in response to your recent letter to the Director inquiring about Federal statutes restricting minors from purchasing and possessing firearms. Specifically, you are concerned about a recent Chicago Tribune article which stated that any 18-year old could own a handgun. After contacting the National News Council about this item, you were informed that the information contained in the newspaper article was correct. You have written to the Bureau asking for clarification of the entire issue.

Under Title I of the Gun Control Act of 1968, 18 U.S.C. § 922(b)(1), it is stated:

"(b) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver--

"(1) any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age."

As you can see from the above, Federal firearms licensees are prohibited from selling or delivering handguns to persons under the age of 21. However, a minor or juvenile is not prohibited by Federal law from possessing, owning, or learning the proper usage of firearms since any firearm that the parents or guardian desire the minor to have can

- 2 -

Mr. Sig Shore

be obtained by the parents or guardian. The age restric-
tions in Federal law were intended to prevent juveniles
from acquiring firearms without their parents' or
guardian's knowledge.

It should be noted, however, that State and local age
restrictions may differ from those imposed by Federal
law. As provided by 18 U.S.C. § 927, the Gun Control Act
was not intended to operate to the exclusion of State law
on the same subject matter. Thus, if State or local law
establishes a minimum age higher than the Federal age
requirements for the purchase of a firearm, then licensees
must observe the State or local age requirements. On the
other hand, if State or local law establishes a minimum
age requirement lower than that imposed by Federal law for
the purchase of a firearm, licensees must observe the
Federal age restrictions.

In addition, you inquire about the involvement of minors
in so-called "strawman" purchases. As previously stated,
section 922(b)(1) prohibits the sale or delivery of a
firearm to an underaged person. Thus, where the licensee
knows or has reasonable cause to believe that an underaged
person is using a straw purchaser as his agent to purchase
a firearm and the underaged person is the actual
purchaser, the licensee should not make the sale or
delivery. This is to be distinguished from a situation
where the actual purchaser, a person of legal age, is
acquiring the firearm for the purpose of loaning or giving
it to an underaged person. Neither the sale nor the
minor's subsequent receipt and possession of the firearm
would violate Federal law, provided that the person is not
otherwise disabled. As previously stated, Federal law was
not intended to preclude a parent or guardian from pur-
chasing a firearm and placing it in the possession of a
minor child or ward. Your understanding is correct that
under no circumstances should a licensee sell or deliver a
firearm that the licensee has reason to believe would be
received and possessed by a felon or other prohibited
person. Under these circumstances, even if the sale was

Mr. Sig Shore

made to a legal purchaser, the licensee would violate
Federal law by aiding and abetting the prohibited person's
violations of receiving and possessing a firearm.

Sincerely yours,

/S/

Daniel Hartnett
Assistant Director
(Criminal Enforcement)

CC:FE
Koscott
11/30/83

CC:FE
Patterson
11-30-83

14
12/2/83

TAB 4

**STATES ENROLLING IN THEIR MILITIAS ONLY INDIVIDUALS OVER 21**

| State and Date of Enactment | Relevant Statutory Text | Source |
|---|---|---|
| Delaware (1807) | Section 1. *Be it enacted*, . . . That each and every free able-bodied white male citizen of this State, or any of the United States, residing in this State, who is or shall be, of the age of eighteen years, and under the age of forty-five years, except as hereinafter excepted, shall severally and respectively be enroled in the militia. . . .<br><br>Sect. 2. [Exempting certain persons from militia duty].<br><br>Sect. 4. *And be it further enacted*, That in order that the militia may be well armed, equipped and accoutred, every citizen whose assessment shall amount to the sum of five hundred dollars, that has been, or hereafter shall be enroled and notified thereof, (except as herein before excepted, and all young men under the age of twenty-one years, enroled agreeably to the second section of this act, shall be exempted from furnishing the necessary arms and accoutrements, and from all militia duties and fines during such minority, except in cases of rebellion or any actual invasion of this State,) shall, within a year after the passing of this act, provide himself with a good musket, a sufficient bayonet and belt, two spare flints, and cartouch box, to contain twenty-four cartridges, suited to the bore of his gun, or with a good rifle and shot pouch, and in case of neglect, shall be considered and returned among the absentees. | An Act to establish an Uniform Militia throughout this State, ch. XLIX, §§ 1-2, 4, *in* 4 M. BRADFORD & R. PORTER, EDS., LAWS OF THE STATE OF DELAWARE 123, 123-24, 125-26 (1816). |
| Georgia (1861) | § 981. All able bodied free white male citizens between the ages of twenty-one and forty-five years, residents in this State, and not exempted by this Code, are subject to military duty.<br><br>. . . . .<br><br>§ 1026. The militia of the State consists of all persons, not heretofore classified, within its limits subject to military duty, and not exempted therefrom by the Acts of Congress or the laws of this State, or belonging to some volunteer organization. | R. H. CLARK ET AL., EDS., THE CODE OF THE STATE OF GEORGIA, pt. 1, tit. 11, ch. 2, §§ 981, 1026, at 189, 199 (1861). |

| | | |
|---|---|---|
| Kansas (1859) | Section 1. The militia shall be composed of all able-bodied white male citizens between the ages of twenty-one and forty-five years, except such as are exempted by the laws of the United States, or of this state; but all citizens, of any religious denomination whatever, who, from scruples of conscience, may be averse to bearing arms, shall be exempted therefrom, upon such conditions as may be prescribed by law. | KAN. CONST. of 1859, art. 8, § 1. |
| New Jersey (1829) | 1. Be it enacted *by the Council and General Assembly of this State, and it is hereby enacted by the authority of the same*, That from and after the passing of this act, all persons under the age of twenty-one years be, and they are hereby, exempt from militia duty in time of peace. | An Act to exempt minors from Militia Duty in time of peace (1829), *in* JOSIAH HARRISON, ED., A COMPILATION OF THE PUBLIC LAWS OF THE STATE OF NEW-JERSEY PASSED SINCE THE REVISION IN THE YEAR 1820 (1833) 266, 266. |
| North Carolina (1868) | Section 1. All able bodied male citizens of the State of North-Carolina, between the ages of twenty-one and forty years, who are citizens of the United States, shall be liable to duty in the Militia: *Provided*, That all persons who may be adverse to bearing arms, from religious scruples, shall be exempt therefrom. | N.C. CONST. of 1868, art. XII, § 1. |
| Ohio (1843) | Sec. 2. That every able bodied white male inhabitant, resident within this state, who is or shall be of the age of twenty one years, and under the age of forty five years, excepting persons who may be members of volunteer companies, persons absolutely exempted by law, idiots and lunatics, shall be enrolled in the militia. | An Act to regulate the Militia, § 2, *in* 1843 OHIO ACTS 53, 53. |

| Pennsylvania (1793) | I. Be it enacted. . . That each and every free, able-bodied, white, male citizen of this or any other of the United States, residing in this commonwealth, who is or shall be of the age of eighteen years and under the age of forty-five years, except as hereinafter excepted, shall severally and respectively be enrolled in the militia. . . .<br><br>II. And be it further enacted. . . [that certain categories of persons] shall be, and are hereby, excepted from military duty, notwithstanding their being above the age of eighteen and under the age of forty-five years. And also all young men under the age of twenty-one years, and all servants purchased bona fide and for a valuable consideration, shall be exempted from furnishing the necessary arms, ammunition and accoutrements, as are required by the fifth section thereof, and shall be excepted from militia duties and fines during such minority or servitude, except in cases of rebellion, or an actual or threatened invasion of this or any of the neighboring states. | An Act for the Regulation of the Militia of the Commonwealth of Pennsylvania, ch. MDCXCVI, §§ I-II, *in* 14 JAMES T. MITCHELL & HENRY FLANDERS, EDS., THE STATUTES AT LARGE OF PENNSYLVANIA FROM 1682 TO 1801 454, 455-56 (1909). |
|---|---|---|
| Pennsylvania (1864) | Section 1. *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same.* That every able bodied white male citizen, resident within this state, of the age of twenty-one years, and under the age of forty-five years, excepting persons enlisted into volunteer companies, persons exempted by the following sections, idiots, lunatics, common drunkards, vagabonds, paupers, and persons convicted of any infamous crime, shall be enrolled in the militia; persons so convicted, after enrolment, shall forthwith be dis-enrolled; and in all cases of doubt, respecting the age of a person enrolled, the burden of proof shall be upon him. | An Act For the Organization, Discipline, and Regulation of the Militia of the Commonwealth of Pennsylvania, No. 211, § 1, *in* 1864 PA. LAWS 221, 221-22. |

TAB 5

## STATES REQUIRING PARENTAL CONSENT FOR
## INDIVIDUALS UNDER 21 TO SERVE IN THE MILITIA

| State and Date of Enactment | Relevant Statutory Text | Source |
|---|---|---|
| Michigan (1863) | The active militia shall be composed of volunteers between the ages of eighteen and forty-five years, and shall be known as State troops, and in case of war, rebellion, invasion, the prevention of invasion, the suppression of riots, to aid civil officers in the execution of the laws of this State, shall first be ordered into service. Minors over the age of eighteen years may be admitted into any company of State troops, with the consent, in writing of their parents or guardians, or, if they have none, with the consent, in writing of a justice of the peace of the township or city in which they reside. | An Act for the reorganization of the military forces of the State of Michigan, tit. VII, ch. XVIII, § 6, *in* JAMES S. DEWEY, ED., 1 THE COMPILED LAWS OF THE STATE OF MICHIGAN 317, 320 (1872). |
| Missouri (1835) | No person under the age of twenty-one years, shall hereafter enlist in or join any uniform troop or company, without the consent in writing, of his parent or guardian, master or mistress. | An Act to organise, govern, and discipline the Militia, art. IV, § 22, *in* 2 LAWS OF A PUBLIC AND GENERAL NATURE OF THE STATE OF MISSOURI 512, 521 (1842). |
| New York (1818) | *And be it further enacted*, That no person under the age of twenty-one years, shall hereafter enlist in or join any company of cavalry, artillery or flying artillery, without the consent in writing of his parent or guardian. | An Act to organize the Militia, ch. CCXXII, § XXXIII, 1818 N.Y. LAWS 210, 225. |

TAB 5

## EARLY NEW JERSEY AND VIRGINIA MILITIA LAWS

| State and Date of Enactment | Relevant Statutory Text | Source |
|---|---|---|
| New Jersey (1778) | 3.  And Be It Enacted *by the Authority aforesaid*, That the Colonel or Commanding Officer of each Regiment of Militia in this State shall, immediately after the Passing and Publication of this Act, issue Orders to the Captain or Commanding Officer of each Company in his Regiment, directing him to call a Meeting of the commissioned Officers of such Company, and with their Assistance to make out full, particular, and exact Lifts or Returns of all Male Free Inhabitants of twenty-one Years old and upwards, to which shall be separately subjoined the Names of the Owners or Possessors of such Estates as have not Male Representatives of that Age. . . . And Provided Also, That the Enrolments or Returns so made shall extend to the Purposes of this Act only.  And Provided Also, That nothing herein contained shall be construed to prevent employing Officers, and enlisting non-commissioned Officers and Privates between the Age of sixteen and twenty-one Years.<br><br>4.  And Be It Further Enacted, That the Lists or Returns so made out shall be signed and authenticated . . . and the said Captain or  Commanding Officer of the Company shall, without Delay, transmit the same to the Colonel or Commanding Officer of the Regiment, and the Field Officers of each Regiment shall meet at the usual Place of holding the annual Election in the County to which they belong, on the fifteenth Day of *June* Instant, and then and there shall compute the whole Number of Persons borne upon the Lifts or Returns of all the Male Free inhabitants of twenty-one Years old and upwards within the Bounds of the respective Companies in the County, and in Proportion to such Number shall divide the Quota of Officers and Men,  . . . . | An Act to embody, for a limited Time, One Thousand of the Militia of this State, for the Defence of the Frontiers thereof, ch. XXIV, §§ 3-4 *in* 1778 N.J. ACTS (3D SESS., 2D SITTING) 58, 59-60. |

USCA5 935

| | | |
|---|---|---|
| Virginia (1705) | *Be it enacted.* . . That from and after the publication of this act, the colonel or chief officer of the militia of every county have full power and authority to list all male persons whatsoever, from sixteen to sixty years of age within his respective county, to serve in horse or foot, as in his discretion he shall see cause and think reasonable, having regard to the ability of each person, he appoints to serve in the horse, and to order and place them and every of them under the command of such captain in the respective countys of their abode, as he shall think fitt. | An act for settling the Militia, ch. XXIV, *in* 3 WILLIAM WALLER HENING, THE STATUTES AT LARGE; BEING A COLLECTION OF ALL THE LAWS OF VIRGINIA 335, 335-36 (1823). |
| Virginia (1723) | II. *Be it therefore enacted*, . . . That from and after the publication of this act, the colonel, or chief officer of the militia of every county, have full power and authority to list all free male persons whatsoever, from twenty-one to sixty years of age, within his respective county, to serve in horse or foot; having regard to the ability of each person, and to order and place them under the command of such captain as he shall think fit. | An Act for the settling and better Regulation of the Militia, ch. II, § II, *in* 4 HENING 118, 118 (1820). |
| Virginia (1738) | II. *Be it therefore enacted*, . . . That from and after the publication of this act, the colonel, or chief officer of the militia, in every county, shall list all free male persons, above the age of one and twenty years, within this colony, under the command of such captains as he shall think fit. | An Act, for the better Regulation of the Militia, ch. II, § II, *in* 5 HENING 16, 16 (1819). |

| | | |
|---|---|---|
| Virginia (1754) | I. Whereas his majesty has been pleased to send instructions to his Lieutenant Governor of this colony, to raise and levy soldiers for carrying on the present expedition against the French on the Ohio; . . . <br><br>II. *Be it therefore enacted*, . . . That it shall and may be lawful to and for the justices of the peace of every county and corporation within this county, or any two or more of them, within their several and respective counties and corporations, upon application made to them, by any officer or officers appointed or impowered to enlist men, to raise and levy such able bodied men, as do not follow or exercise any lawful calling or employment, or have not some other lawful and sufficient support and maintenance, to serve his majesty, as soldiers in the present expedition; . . . .<br><br>III. *Provided always*, That nothing in this act contained shall extend to the taking or levying any person to serve as a soldier, who hath any vote in the election of a Burgess or Burgesses to serve in the General Assembly of this colony, or who is, or shall be an indented or bought servant, or any person under the age of twenty one years, or above the age of fifty years. | An Act for raising levies and recruits to serve in the present expedition against the French, on the Ohio, ch. II, §§ I-III, *in* 6 HENING 438, 438-39 (1819). |
| Virginia (1755) | II. *Be it therefore enacted*. . . That from, and after the passing of this act, all county lieutenants, colonels, lieutenant colonels, and other inferior officers, bearing any commission in the militia of this colony, shall be an inhabitant of, and resident in the county of which he is, or shall be commissioned to be an officer of the militia.<br><br>III. *And be it further enacted*, . . . That the lieutenant, or in his absence, the chief officers of the militia in every county shall list all male persons, above the age of eighteen years, and under the age of sixty years, within this colony, (imported servants excepted) under the command of such captain, as he shall think fit, within two months after the passing of this act. | An Act for the better regulating and training the Militia, ch. II, §§ II-III, *in* 6 HENING 530, 530-31 (1819). |

| | | |
|---|---|---|
| Virginia (1775) | *And be it further ordained*, That within the district containing the counties of Accomack and Northampton there shall be forthwith raised one regiment, consisting of six hundred and eighty men, from the ages of sixteen to fifty, to be divided into ten companies. . . .<br><br>*And be it further ordained*, That within each of the other districts there shall be immediately enlisted one battalion, consisting of five hundred men rank and file, from the age of sixteen to fifty, to be divided into ten companies of fifty men each, . . . | An ordinance for raising and embodying a sufficient force, for the defence and protection of this colony, ch. I, *in* 9 HENING 9, 16-17 (1821). |
| Virginia (1784) | II. *Be it enacted*, That all free male persons between the ages of eighteen and fifty years, except the members of the council of state, members of the American congress, judges of the superior courts, speakers of the two houses of assembly, treasurer, attorney general, auditors and their clerks, solicitor general and his clerks, clerks of the council of state and treasury, register of the land-office, his deputy and clerks, custom-house officers, all inspectors of tobacco, all professors, tutors, and students at the university of William and Mary, and other public seminaries of learning, all ministers of the gospel, licensed to preach according to the rules of their sect, who shall have previously taken, before the court of their county, an oath of fidelity to the commonwealth, post-masters, keepers of the public gaol and public hospital, millers, persons concerned at iron or lead works, or persons solely employed in repairing or manufacturing fire arms, all of whom are exempted from the obligations of this act, shall be enrolled or formed into companies. . . . | An act for amending the several laws for regulating and disciplining the militia, and guarding against invasions and insurrections, ch. XXVII, § II, *in* 11 HENING 476, 476-77 (1823). |

TAB 7

## STATES REQUIRING PARENTS TO FURNISH
## MINORS ENROLLED IN THE MILITIA WITH ARMS

| State and Date of Enactment | Relevant Statutory Text | Source |
|---|---|---|
| Maine (1821) | Sec. 34. *Be it further enacted*, That all parents, masters or guardians, shall furnish all minors enrolled in the militia, who shall be under their care respectively, with the arms, and equipments, required by this Act; and if any parent, master, or guardian, having any minor under his care, enrolled as aforesaid, shall neglect to provide such minor with the arms and equipments, required by this Act; or if said minor shall absent himself from any meeting of the company, to which he belongs, required by law, without sufficient excuse, the said parent, master or guardian is hereby subjected and made liable to the same forfeitures as such minor would be liable to, for a like deficiency, neglect or non-appearance, if such minor were of age; and all persons liable by this Act to military duty, shall be allowed six months immediately from and after their arrival at the age of eighteen years, and not afterwards, within which to furnish themselves with the arms and equipments required by law: *Provided however*, That such parents, masters, or guardians as shall produce, on or before the first Tuesday of May annually, certificates from the Overseers of the poor of the town or district in which they reside, of their inability to provide arms and equipments as aforesaid, to the Commanding officer of the company in which the minor under their care is enrolled, shall be exempted from the forfeitures aforesaid. | An Act to organize, govern, and discipline the Militia of this State, ch. CLXIV, § 34, *in* 1821 ME. LAWS 687, 716. |

| Massachusetts (1810) | Sec. 28. *Be it further enacted*, That all parents, masters or guardians, shall furnish all minors enrolled in the militia, who shall be under their care respectively with the arms and equipments, required by this act; and if any parent, master, or guardian, having any minor under his care, enrolled as aforesaid, shall neglect to provide such minor with the arms and equipments, required by this act, he is hereby subjected and made liable to the same forfeitures, as such minor would be liable to, for a like deficiency or neglect, if such minor were of age: *Provided however*, That such parents, masters, or guardians as shall produce, on or before the first Tuesday of May, annually, certificates from the overseers of the poor of the town or district in which they reside, of their inability to provide arms and equipments as aforesaid, to the commanding officer of the company in which the minor under their care is enrolled, shall be exempted from the forfeitures aforesaid. | An Act for regulating, governing, and training the Militia of this Commonwealth, ch. CVII, § 28, *in* 1810 MASS. LAWS 151, 176. |
|---|---|---|
| Missouri (1825) | Sec. 24. *Be it further enacted*, That every officer, non-commissioned officer and private, of infantry, light infantry, cavalry, artillery, grenadiers and riflemen, shall constantly keep himself furnished and provided with arms and equipments as required by the laws of the United States; and every officer, non-commissioned officer and private of light artillery shall be armed and equipped in the same manner as the officers, non-commissioned officers and privates of cavalry, respectively, and shall constantly keep himself furnished and provided with a horse, arms and equipments, as required by the laws of the United States of the officers, non-commissioned officers and privates of cavalry; and each company of light artillery shall do duty as cavalry until proper ordnance or field artillery is provided. And all parents, masters and guardians, shall furnish all minors, enrolled in the militia, who shall be under their care, respectively, with the arms and equipments required by this act. | An Act to organize, govern and discipline the Militia, ch. I, § 24, *in* 1825 MO. LAWS 533, 554. |

| New Hampshire (1820) | Sect. 46. *And be it further enacted*, That all parents, masters, and guardians shall furnish all minors enrolled in the militia, who shall be under their care respectively, with the arms and equipments required by this act; and if any parent, master or guardian, having any minor under his care enrolled as aforesaid, shall neglect to provide such minor with the arms and equipments required as aforesaid, he is hereby subjected and made liable to the same forfeitures as such minor would be liable to for a like deficiency or neglect, if such minor were of age: *Provided however*, that such parents, masters or guardians, as shall produce on or before the first Tuesday of May annually, certificates from the overseers of the poor of the town or district in which they reside, of their inability to provide arms and equipments as aforesaid to the commanding officer of the company in which they minor under their care is enrolled, shall be exempted from the forfeitures aforesaid. | An Act for the forming, arranging and regulating the militia, *in* 2 NEW HAMPSHIRE LAWS ENACTED SINCE JUNE 1, 1815 51, 80 (1824). |
|---|---|---|
| North Carolina (1806) | Every citizen enrolled and notified, as is directed in this chapter, shall, within six months thereafter, provide himself with a good musket, smooth-bored gun or good rifle, shot-pouch and powder-horn, and shall appear so armed and accoutred when called out to exercise or in actual service; the commissioned officers shall severally be armed with a sword, or hanger, or an espontoon; and every citizen so enrolled and providing himself with arms and accoutrements as herein directed, shall hold the same exempt from all suits, executions or sales for debts, or for the payment of taxes; and if he shall fail to provide himself with arms and accouterments, as herein directed, and if the commissioned officers of his company shall deem him in sufficient circumstances to equip himself he shall forfeit and pay for the want of a good, serviceable musket, gun or rifle fifty cents. And all parents and masters shall furnish those of the militia, who shall be under their care or command, with the arms and equipments above mentioned, under the like penalty for each neglect. | 2 WILLIAM T. DORTCH, JOHN MANNING, JOHN S. HENDERSON, THE CODE OF NORTH CAROLINA § 3168, at 346-47 (1883). |

| Vermont (1797) | Sect. 15 - That every non-commissioned officer or private of the infantry, who shall neglect to keep himself armed and equipped, as aforesaid, or who shall on a muster day, or at any other time of examination, be destitute of, or appear unprovided with, the arms and equipments here in directed (excepting as before excepted;) shall pay a fine, not exceeding *seventeen cents* for a gun, and *eight cents* for every other article, in which he shall be deficient: at the discretion of the court, before whom trial shall be had.  And all parents, masters or guardians, shall furnish those of the said militia who shall be under their care and command, with the arms and equipments above mentioned, under the like penalties for any neglect.  And when the selectmen of any town shall judge any inhabitant thereof belonging to the militia, unable to arm and equip himself, in manner aforesaid; they shall, at the expense of the town, provide for and furnish such inhabitant with the aforesaid arms, and equipments: which shall remain the property of the town, at the expense of which they shall be provided. | An Act, for regulating and governing the militia of this State, ch. LXXXI, No. 1, § 15, *in* 2 LAWS OF THE STATE OF VERMONT DIGESTED AND COMPILED 122, 131-32 (1808). |

TAB 8

REBEKAH JENNINGS; BRENNAN )
HARMON; ANDREW PAYNE; )
NATIONAL RIFLE ASSOCIATION OF )
AMERICA, INC., )
)
        Plaintiffs, )
)
v. )
)
THE BUREAU OF ALCOHOL, )
TOBACCO, FIREARMS AND )
EXPLOSIVES, et al., )
)
        Defendants. )   Civil Action No. 5:10-CV-140-C

**ORDER**

On this date, the Court considered:

(1)    Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives; Kenneth E. Melson, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and Eric H. Holder, Jr., in his official capacity as Attorney General of the United States' ("Defendants") Motion to Dismiss or, in the Alternative, for Summary Judgment, Brief, and Appendix, filed December 22, 2010;

(2)    Plaintiffs' Response and Cross-Motion for Summary Judgment, Brief, and Appendix, filed January 28, 2011;

(3)    Defendants' Combined Reply in Support of their Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Plaintiffs' Cross-Motion for Summary Judgment, Brief, and Appendix, filed April 6, 2011;

(4)    Plaintiffs' Reply in Support of Plaintiffs' Cross-Motion for Summary Judgment, filed May 18, 2011;

(5)    Defendants' Notice of Recent Authority, filed May 12, 2011;

(6)    Plaintiffs' Notice of Supplemental Authority, filed July 18, 2011;

(7)     Defendants' Response, filed July 22, 2011; and

(8)     Brief of *Amici Curiae* Brady Center to Prevent Gun Violence, Graduate Student Assembly and Student Government of the University of Texas at Austin, Mothers Against Teen Violence, Students for Gun-Free Schools in Texas, and Texas Chapters of the Brady Campaign to Prevent Gun Violence in Support of Defendants, filed January 28, 2011.

After considering the relevant arguments and authorities, the Court **DENIES** Defendants'

Motion to Dismiss Pursuant to Rule 12(b)(1), **GRANTS** Defendants' Motion for Summary

Judgment, **DENIES** as moot Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), and

**DENIES** Plaintiffs' Cross-Motion for Summary Judgment.

## I. FACTS

### a. Preliminary Statement

Plaintiffs bring this action for declaratory judgment and injunctive relief challenging the

constitutionality of federal statutes and regulations that ban the sale by federal firearm license

holders ("FFLs") of handguns and handgun ammunition to persons under the age of twenty-one

("the ban").  The crux of Plaintiffs' allegations is that the ban violates both the Second

Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution.

### b. Statutory Scheme

The statutes and regulations that implement the ban, and thus are the subject of this

lawsuit, are the following:

(1)     18 U.S.C. § 922(b)(1), which states: "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the

2

USCA5 1094

licensee knows or has reasonable cause to believe is less than twenty-one years of age."

(2)    18 U.S.C. § 922(c)(1), which prescribes that "a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises . . . only if" the person signs a sworn statement attesting "that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age."

(3)    27 C.F.R. § 478.99(b)(1), which provides: "A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or deliver any firearm or ammunition . . . if the firearm, or ammunition, is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is less than 21 years of age."

(4)    27 C.F.R. §§ 478.124(a), 478.96(b), which require that federal firearms licensees obtain a signed copy of Form 4473 before transferring a handgun to a purchaser. Form 4473 states that the information provided therein "will be used to determine whether [the transferee is] prohibited under law from receiving a firearm" and instructs licensees that it is "unlawful for a licensee to sell any firearm other than a shotgun or rifle to any person under the age of 21."[1]

Each of these laws operates in reference to FFLs. Title 18, Section 922(a)(1)(A) of the U.S. Code requires any person who "engage[s] in the business of importing, manufacturing, or dealing in firearms" to obtain a federal firearms license. A firearms "dealer," in turn, is any person who, inter alia, "engage[s] in the business of selling firearms at wholesale or retail," including pawnbrokers. 18 U.S.C. § 921(a)(11)(A), (C). A person "engage[s] in the business" of selling firearms, and therefore must obtain a federal firearms license, if he "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of

---

[1]Plaintiffs do not challenge 18 U.S.C. § 922(x), which prohibits anyone, not just FFLs, from transferring handguns to individuals under 18 and also prohibits individuals under 18 from possessing handguns, subject to specified exceptions.

3

USCA5 1095

firearms." *Id.* § 921(a)(21)(C).  In other words, anyone who engages in the firearms business regularly must become an FFL, and the ban therefore forecloses 18- to 20-year-olds from gaining access to the entire licensed market for handguns and handgun ammunition.  The ban, however, does not apply to other avenues such as gifts or to those who sell arms on an irregular basis only.[2]

### c. Plaintiffs

Rebekah Jennings is a 19-year-old resident of Boerne, Texas.  She is a decorated competitive pistol shooter but does not own a pistol of her own and must rely on her father to loan her his pistol for practice and competition.  Jennings reportedly desires to purchase her own handgun from an FFL, both for her self-protection and to further her interest in competitive pistol shooting.

Brennan Harmon is a 19-year-old resident of San Antonio, Texas, where she lives alone in an apartment.  There have been shooting incidents in apartment complexes that neighbor Harmon's apartment.  Harmon's family owns several firearms, and her father has instructed her in their proper and safe handling.  Harmon currently owns a rifle and a shotgun, but she does not own a handgun.  She finds the long guns insufficient for self-defense.  Harmon therefore desires to own a handgun for self-defense and other lawful purposes, and she would purchase one from an FFL if such a transaction were not prohibited under the ban.

---

[2]The Court emphasizes that the ban does *not* prohibit the possession of handguns or handgun ammunition by 18- to 20-year-olds.  Those in this age group are free to acquire handguns and ammunition from sources other than FFLs.  Even still, the ban is temporal in nature, meaning the prohibition expires once the would-be buyer reaches the age of 21.

4

USCA5 1096

Andrew Payne is an 18-year-old resident of Lubbock, Texas. Payne and his father visit shooting ranges for recreation and to gain proficiency in the effective use of firearms, including handguns. Payne does not own a handgun, but he would purchase a handgun and handgun ammunition if such a transaction were not illegal under the ban.

The National Rifle Association ("NRA") is a membership organization committed to protecting and defending the fundamental right to keep and bear arms, as well as the safe and responsible use of firearms for self-defense and other lawful purposes. Many of the NRA's members are 18-to-20 years old or will enter that age bracket during the pendency of this litigation. Under the ban, these members are unable to purchase a handgun or handgun ammunition from an FFL.

One representative NRA member in this class is Halie Fewkes, a 19-year-old resident of Washington. She lives in Pullman, where she attends college. She plans to live in an off-campus apartment next semester, and she would like to purchase a new handgun to keep in that apartment for self-defense and for use in target shooting. The ban, however, prevents her from purchasing a handgun from a licensed dealer. She is not aware of anyone she knows selling a used firearm, and she is uncomfortable with the idea of engaging in a face-to-face transaction with an unlicensed stranger.

The NRA's licensed dealer members also allege to be harmed by the ban, as the law prohibits them from making profitable handgun sales and handgun ammunition sales to otherwise qualified 18- to 20-year-olds. Roger Koeppe and Paul White are two such members; they own and operate FFLs in Houston, Texas, and Richmond, Utah, respectively.

USCA5 1097

## II.  STANDARDS

### a.  Motion to Dismiss

A court must dismiss a claim pursuant to a Rule 12(b)(1) motion if it lacks subject matter jurisdiction over the claim asserted in the complaint.  Fed. R. Civ. P. 12(b)(1).  If a Rule 12(b)(1) motion is filed conjunctively with any other Rule 12 motions, the court should consider the Rule 12(b)(1) attack first.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The party seeking the federal forum bears the burden of establishing jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Standing is one aspect of justiciability, and a federal court's jurisdiction is invoked only when the plaintiff has actually suffered injury resulting from the conduct of the defendant.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983) ("[T]he constitutional limitation continues to arise when plaintiff fails to allege a personalized injury.").  Additionally, because Article III standing requires an injury-in-fact caused by a defendant's challenged conduct that is redressable by a court, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), a party is ordinarily denied standing to assert the rights of third persons.  *See Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263-64 (1977).

### b.  Motion for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); that is, "[a]n issue is material if its resolution could affect the outcome of the action."

6

USCA5 1098

*Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002).  When reviewing a motion for summary judgment, the court views all facts and evidence in the light most favorable to the non-moving party.  *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006).  In doing so, the court "refrain[s] from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

Where parties have filed cross-motions for summary judgment, the court must consider each motion separately because each movant bears the burden of showing that no genuine dispute of material fact exists and that it is entitled to judgment as a matter of law.  *Shaw Constructors, Inc. v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538-39 (5th Cir. 2004).

### III.  ANALYSIS

#### a.  Standing

Defendants challenge the standing to bring suit of both firearms dealers subject to the ban's criminal prohibition and the 18- to 20-year-olds whose constitutional rights are allegedly burdened by the statutory scheme.  Article III restricts the judicial power to actual "cases" and "controversies," a limitation understood to confine the federal judiciary to "the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 129 S. Ct. 1142, 1148 (2009); *see* U.S. Const. art. III, § 1.  The doctrine of standing enforces this limitation.  *Summers*, 129 S. Ct. at 1149; *Lujan*, 504 U.S. at 559-60.

In general, individuals who allege that their constitutional rights are burdened by a law have standing to sue.  In *Doe v. Bolton*, for example, the Supreme Court held that not only "Georgia-licensed doctors consulted by pregnant women" but also a pregnant woman herself has

USCA5 1099

standing to challenge a statute criminalizing the provisions of most abortions even though "[t]he physician [was] the one against whom these criminal statutes directly operate[d] . . . ."  410 U.S. 179, 187-88 (1973); *see also Roe v. Wade*, 410 U.S. 113, 124 (1973) (holding that "a pregnant single woman thwarted by the Texas criminal abortion laws, had standing to challenge those statutes.").  Similarly, in *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, the Court allowed a challenge to a statute prohibiting pharmacists from advertising their prices for prescription drugs brought "not by one directly subject to its prohibition, that is, a pharmacist, but by prescription drug consumers who claim they would greatly benefit if the prohibition were lifted and advertising freely allowed."  425 U.S. 748, 753 (1976).

The Individual Plaintiffs do not own handguns, but each of them desires to obtain one for lawful purposes, including self-defense.  They have all identified a specific handgun they would purchase from an FFL if lawfully permitted to do so.  The FFLs from whom Harmon and Payne would purchase their handguns have refused to sell them handguns in the past because they are under 21.  Were the Court to hold that the ban is unconstitutional, it could provide the relief that Plaintiffs seek.  Therefore, the Individual Plaintiffs have standing to sue even though they have not been threatened with or been subject to prosecution under the ban.

Once a court has determined that at least one plaintiff has standing, it need not consider whether the remaining plaintiffs have standing to maintain the suit.  *Arlington Heights*, 429 U.S. at 264.  Nevertheless, out of an abundance of caution, the Court will address whether the NRA, as an association or organization, has standing as well.

USCA5 1100

An association may have standing solely as the representative of its members, even in the absence of injury to itself. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 342 (1972). The test for representational standing requires that

(1)     the members of the association would have standing individually,

(2)     the interests pursued through the litigation are germane to the association's purpose, and

(3)     neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Nat'l Treasury Emps. Union v. United States Dep't of the Treasury*, 25 F.3d 237, 241 (5th Cir. 1994) (citing *Hunt*, 432 U.S. at 343).

The NRA has a stated interest in vindicating the Second Amendment rights of its membership, and this suit does not require the participation of its individual members in light of the equitable relief it seeks. Furthermore, in addition to Jennings, Harmon, and Payne, whom the Court has held have standing and each of whom is an NRA member, the NRA presents evidence of several other similarly situated members between the ages of 18 and 20 who allege to have been injured by the ban in ways similar to those asserted by the Individual Plaintiffs. Therefore, the NRA has standing to bring this suit on behalf of its law-abiding 18- to 20-year-old members.

The NRA also brings this suit on behalf of its FFL, or vendor, members. As the Supreme Court has explained, "vendors and those in like positions have been uniformly permitted to resist efforts at restricting their operations by acting as advocates of the rights of third parties who seek access to their market or function." *Craig v. Boren*, 429 U.S. 190, 195 (1976) (collecting cases). In *Craig*, for example, the Supreme Court held that a licensed vendor of low-alcohol beer had

9

USCA5 1101

standing to challenge an Oklahoma statute that barred the vendor from selling such beer to 18- to

20-year-old men but allowed its sale to 18- to 20-year-old women.  As the Court noted:

> The legal duties created by the statutory sections under challenge
> are addressed directly to vendors such as appellant.  She is obliged
> either to heed the statutory discrimination, thereby incurring a
> direct economic injury through the constriction of her buyers'
> market, or to disobey the statutory command and suffer, in the
> words of Oklahoma's Assistant Attorney General, "sanctions and
> perhaps loss of license."  This Court repeatedly has recognized that
> such injuries establish the threshold requirements of a "case or
> controversy" mandated by Art. III.

*Id.* at 194 (internal citations omitted).  The Court further held that "[a]s a vendor with standing to

challenge the lawfulness of [the sales restriction], appellant . . . is entitled to assert those

concomitant rights of third parties that would be 'diluted or adversely affected' should her

constitutional challenge fail and the statutes remain in force."  *Id.* at 195.  "Otherwise,"

explained the Court, "the threatened imposition of governmental sanctions might deter appellant

. . . and other similarly situated vendors from selling 3.2% beer to young males, thereby ensuring

that 'enforcement of the challenged restriction against the [vendor] would result indirectly in the

violation of third parties' rights.'"  *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 510 (1975)).

Both the Supreme Court and the Fifth Circuit have repeatedly applied this rationale to

hold that vendors and service providers have standing to challenge sales and similar restrictions

that burden their would-be customers' constitutional rights.  *See, e.g.*, *Carey v. Population Servs.

Int'l*, 431 U.S. 678, 681-84 (holding that "corporation primarily engaged in the mail-order retail

sale of nonmedical contraceptive devices" had standing to challenge a statute that made it a

crime, *inter alia*, "for anyone other than a licensed pharmacist to distribute contraceptives to

persons 16 or over" and could assert the privacy rights of its would-be customers); *Reliable*

USCA5 1102

*Consultants, Inc. v. Earle*, 517 F.3d 738, 740, 743 (5th Cir. 2008) (vendor had standing to challenge statute criminalizing the sale of "a device designed or marketed for sexual stimulation" and could assert the constitutional rights of its customers); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 333-34 (5th Cir. 1981) (holding that plaintiffs who wished to open an abortion clinic had standing to challenge an adverse zoning decision and could assert the rights of their would-be clients); *see generally United States v. Coil*, 442 F.3d 912, 915 n.2 (5th Cir. 2006) ("The Supreme Court has consistently upheld the standing of vendors to challenge the constitutionality of statutes on their customers' behalf where those statutes are directed at the activity of the vendors.").

The ban prevents 18- to 20-year-olds from purchasing handguns and handgun ammunition from FFLs who would likely purchase these items were it legal to do so. The NRA presents evidence from its vendor members that they have lost profits from refusing to sell handguns to 18- to 20-year-olds and would sell handguns to law-abiding citizens in this age range if it were legal to do so. The fact that the ban restricts a would-be buyers' market demonstrates a judicially cognizable injury directly affecting FFLs. *See Craig*, 429 U.S. at 194. As such, the NRA also has standing to bring this suit on behalf of its FFL members. Therefore, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is **DENIED**.

**b. Second Amendment**

The text of the Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In 2008, the Supreme Court held in *District of Columbia v. Heller* that

11

the Second Amendment guarantees an individual right to possess and carry weapons. 554 U.S.

570, 592 (2008). The Court stated, however, that the right to bear arms is not absolute:

> Like most rights, the right secured by the Second Amendment is
> not unlimited. From Blackstone through the 19th-century cases,
> commentators and courts routinely explained that the right was not
> a right to keep and carry any weapon whatsoever in any manner
> whatsoever and for whatever purpose. For example, the majority
> of the 19th-century courts to consider the question held that
> prohibitions on carrying concealed weapons were lawful under the
> Second Amendment or state analogues. Although we do not
> undertake an exhaustive historical analysis today of the full scope
> of the Second Amendment, ***nothing in our opinion should be
> taken to cast doubt on*** longstanding prohibitions on the possession
> of firearms by felons and the mentally ill, or laws forbidding the
> carrying of firearms in sensitive places such as schools and
> government buildings, or ***laws imposing conditions and
> qualifications on the commercial sale of arms***.

*Heller*, 554 U.S. at 626-27 (citations omitted and emphasis added). In so qualifying the Second

Amendment, the Court carved out conditions and qualifications on the commercial sale of arms

as presumptively lawful regulatory measures. *See id.* at 627 n.26.

   While this Court has found no case dealing with a post-*Heller* interpretation of the ban,

most courts that have considered challenges to other above-mentioned presumptively lawful

regulations have made relatively short shrift of them. *See, e.g.*, *United States v. Scroggins*, 599

F.3d 433, 451 (5th Cir. 2010) (post-*Heller* decision upholding as constitutional 18 U.S.C.

§ 922(g)(1), which criminalizes the possession of a firearm by a felon); *United States v.

Dorosan*, 350 F. App'x 874, 875-76 (5th Cir. 2009) (upholding as constitutional under the

"sensitive places" exception in *Heller* 39 C.F.R. § 232.1(l), which criminalizes bringing a

handgun onto property belonging to the United States Postal Service); *United States v. McRobie*,

No. 08-4632, 2009 U.S. App. LEXIS 617, at *2-3 (4th Cir. 2009) (post-*Heller* decision

USCA5 1104

upholding as constitutional 18 U.S.C. § 922(g)(4), which criminalizes the possession of a firearm by a person committed to a mental institution). The Court finds no reason to treat laws imposing conditions and qualifications on the commercial sale of arms, such as the ban, any differently.

Outside the list of examples of presumptively lawful limitations, neither *Heller* nor its companion case, *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), directly addresses the buying and selling of firearms, let alone holds this to be at the "core" of the Second Amendment right. The Fifth Circuit, however, has recognized a distinction between the right to "keep and bear arms" and "dealing in firearms" and has held that at least one statutory scheme related to dealing in firearms is not violative of the Second Amendment. *See United States v. King*, 532 F.2d 505, 510 (5th Cir. 1976). Although *King* was decided pre-*Heller*, its holding is likely of the nature contemplated by the Court's articulated exceptions to the Second Amendment.

The Fifth Circuit, albeit pre-*Heller*, has also recognized that young persons do not enjoy the same guarantees of the Second Amendment as do their elders of society. In *United States v. Emerson*, the court held that the Second Amendment protects an individual right to bear arms but also noted that "felons, *infants* and those of unsound mind may be prohibited from possessing firearms." 270 F.3d 203, 261 (5th Cir. 2001) (emphasis added); *see also id.* at 227 n.21 (quoting Robert Dowlut, *The Right to Arms: Does the Constitution or the Predilection of Judges Reign?*, 36 OKLA L. REV. 65, 96 (1983) ("Colonial and English societies of the eighteenth century, as well as their modern counterparts, have excluded *infants*, idiots, lunatics, and felons [from possessing firearms].")); Stephen P. Halbrook, *What the Framers Intended*: A Linguistic Analysis of the Right to "Bear Arms", 49 LAW & CONTEMP. PROBS. 151 (1986) ("violent criminals, *children*, and those of unsound mind may be deprived of firearms . . . .") (alterations in the

13

original and emphasis added)).  The exception to the right to bear arms carved out for "infants" in *Emerson* seems to be congruent with the notion in *Heller* that conditions and qualifications on the commercial sale of arms are presumptively lawful regulatory measures.

Considering *Heller's* specific exception of conditions and qualifications on the commercial sale of arms from the individual right to keep and bear arms, along with the Fifth Circuit's treatment of the distinction between possession and dealing of firearms and its exempting young persons from Second Amendment guarantees, the Court is of the opinion that the ban does not run afoul of the Second Amendment to the Constitution.  *See United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (citing *Heller*, 128 S. Ct. at 2817) (suggesting that, under a proper reading of *Heller*, the right to bear arms is enjoyed only by those not disqualified from the exercise of the Second Amendment rights; disqualification likely includes those affected by the aforementioned presumptively lawful regulatory measures).

In essence, it is within the purview of Congress, not the courts, to weigh the relative policy considerations and to make decisions as to the age of the customer to whom those licensed by the federal government may sell handguns and handgun ammunition.  *See Ferguson v. Skrupa*, 372 U.S. 726, 729 (1963) ("Under the system of government created by our Constitution, it is up to the legislatures, not courts, to decide on the wisdom and utility of legislation.").  Therefore, with regard to the Second Amendment issue, Defendants' Motion for Summary Judgment is **GRANTED**, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) is **DENIED** as moot, and Plaintiffs' Motion for Summary Judgment is **DENIED**.

USCA5 1106

### c. *Equal Protection*

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Although this clause applies expressly to the states only, the Supreme Court has held that its protections are encompassed by the Due Process Clause of the Fifth Amendment and are therefore applicable to the federal government as well. *Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954). Plaintiffs claim that the ban violates their right to equal protection of the laws guaranteed under the Due Process Clause of the Fifth Amendment. The focus of Plaintiffs' claim is the allegedly unequal treatment effected by the ban between 18- to 20-year-olds and those over the age of 20.

"[A]ge is not a suspect classification under the Equal Protection Clause." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000). Therefore, the government "may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest."[3] *Id.* The Constitution permits legislators to "draw lines on the basis of age when they have a rational basis for doing so at a class-based level, even if it 'is probably not true' that those reasons are valid in the majority of cases." *Id.* at 86.

Defendants point to evidence that Congress, in passing the ban, found "that there is a causal relationship between the easy availability of firearms other than rifles and shotguns, and juvenile and youthful criminal behavior, and that such firearms have been widely *sold by*

---

[3]Because the Court has held that Plaintiffs' claims do not raise Second Amendment concerns, their Equal Protection argument need not be evaluated based on any heightened standard of scrutiny.

USCA5 1107

*federally licensed importers and dealers* to emotionally immature, or thrill-bent juveniles and minors prone to criminal behavior." 1968 U.S.C.C.A.N. 2112, 2197-98 (emphasis added). In so finding, Congress passed the ban in an attempt to "increase safety and strengthen local regulation" by "[e]stablishing minimum ages of 18 for the purchase of long guns and 21 for the purchase of handguns." *Id.* at 2256.

Congress identified a legitimate state interest—public safety—and passed legislation that is rationally related to addressing that issue—the ban; thus, it acted within its constitutional powers and in accordance with the Equal Protection Clause. *See Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 332 (5th Cir. 2004) (quoting *FCC v. Beach Commc'ns*, 508 U.S. 307, 313 (1993) ("Under rational basis review, differential treatment 'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'")). Therefore, with regard to the Equal Protection issue, Defendants' Motion for Summary Judgment is **GRANTED**, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) is **DENIED** as moot, and Plaintiffs' Motion for Summary Judgment is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein,

(1)    Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) is **DENIED**;

(2)    as to the Second Amendment issue,

    (a)    Defendants' Motion for Summary Judgment is **GRANTED**,

    (b)    Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) is **DENIED** as moot, and

    (c)    Plaintiffs' Motion for Summary Judgment is **DENIED**; and

USCA5 1108

(3)    as to the Equal Protection issue,

    (a)    Defendants' Motion for Summary Judgment is **GRANTED**,

    (b)    Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) is

        **DENIED** as moot, and

    (c)    Plaintiffs' Motion for Summary Judgment is **DENIED**.

SO ORDERED.

Dated September 29, 2011.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

17

USCA5 1109

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

REBEKAH JENNINGS; BRENNAN )
HARMON; ANDREW PAYNE; )
NATIONAL RIFLE ASSOCIATION OF )
AMERICA, INC., )
 )
   Plaintiffs, )
 )
v. )
 )
THE BUREAU OF ALCOHOL, )
TOBACCO, FIREARMS AND )
EXPLOSIVES, et al., )
 )
   Defendants. ) Civil Action No. 5:10-CV-140-C

## **JUDGMENT**

For the reasons stated in the Court's order of even date,

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiffs, Rebekah Jennings,

Brennan Harmon, Andrew Payne, and National Rifle Association of America, Inc., take nothing

as against Defendants, the Bureau of Alcohol, Tobacco, Firearms and Explosives; Kenneth E.

Melson, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms

and Explosives; and Eric H. Holder, Jr., in his official capacity as Attorney General of the United

States.  Costs of court are taxed against Plaintiffs.

Dated September 29, 2011.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

USCA5 1110

TAB 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **REBEKAH JENNINGS; BRENNAN HARMON; ANDREW PAYNE; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,** | § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Case No. 5:10-cv-00140-C** **Judge Sam R. Cummings** |
| **THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; KENNETH E. MELSON, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; ERIC HOLDER, in his official capacity as Attorney General of the United States,** | § § § § § § § § § § § | |
| **Defendants.** | § | |

<u>**PLAINTIFFS' NOTICE OF APPEAL**</u>

Notice is hereby given that Plaintiffs, Rebekah Jennings, Brennan Harmon, Andrew Payne, and National Rifle Association of America, Inc., appeal to the United States Court of Appeals for the Fifth Circuit from the Final Judgment entered in this cause on September 29, 2011, and all adverse rulings subsumed therein.

Dated: October 4, 2011

Fernando M. Bustos
Texas Bar No. 24001819
LAW OFFICES OF FERNANDO
  M. BUSTOS, P.C.
1001 Main Street, Suite 501
Lubbock, TX 79401
Phone (806) 780-3976; Fax: (806) 780-3800
*Local Counsel for Plaintiffs*

Respectfully submitted,

<u>s/ Charles J. Cooper</u>
Charles J. Cooper*
David H. Thompson*
Peter A. Patterson*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
Tel: (202) 220-9600; Fax: (202) 220-9601
Email: ccooper@cooperkirk.com

1

Brian S. Koukoutchos*
28 Eagle Trace
Mandeville, LA  70471
Tel. (985) 626-5052
Email: bkoukoutchos@gmail.com
* Admitted *pro had vice.*

*Counsel for Plaintiffs*


## <u>CERTIFICATE OF SERVICE</u>

On October 4, 2011, I electronically submitted the foregoing document to the clerk of

court for the U.S. District Court, Northern District of Texas, using the electronic case filing

system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record

electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


s/ Charles J. Cooper
Charles J. Cooper

USCA5 1112

# CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2012, I electronically filed the foregoing

brief with the Clerk of the Court via the CM/ECF system, which will send notice of

such filing to the following registered CM/ECF user:

Charles J. Cooper
Cooper & Kirk, PLLC
1523 New Hampshire Ave, N.W.
Washington, D.C. 20036


 s/ Anisha S. Dasgupta

Anisha S. Dasgupta
Attorney for Defendants-Appellees
Civil Division, Room 7535
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001
202-514-5428
anisha.dasgupta@usdoj.gov