Charles J. Cooper
ccooper@cooperkirk.com

# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601

December 13, 2012

**VIA ELECTRONIC FILING**
Lyle W. Cayce, Clerk
United States Court of Appeals
   for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   Citation of Supplemental Authority in *National Rifle Association of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, No. 11-10959 (5th Cir.)

Dear Mr. Cayce:

Appellants respectfully submit *Moore v. Madigan*, Nos. 12-1269, 12-1788 (7th Cir. Dec. 11, 2012) (slip opinion attached), which held that Illinois's "flat ban on carrying ready-to-use guns outside the home" violates the Second Amendment, Slip Op. 15, as supplemental authority in support of their petition for rehearing en banc.

*First*, *Moore* emphasized that "1791, the year the Second Amendment was ratified," is "the critical year for determining the amendment's historical meaning, according to *McDonald v. City of Chicago*, [130 S. Ct. 3020,] 3035 and n.14 [(2010)]." Slip Op. 3. Thus, while 19th-century sources may be relevant to the extent they illuminate the Second Amendment's original meaning, they cannot be used to construe the Second Amendment in a way that is inconsistent with that meaning. *See* En Banc Pet. 10-11. To the extent the panel's opinion suggests otherwise, *see, e.g.*, Panel Op. 12, it is inconsistent with *Moore*.

*Second*, *Moore* rejected a "pragmatic defense" of Illinois's carry ban based on "the empirical literature on the effects of allowing the carriage of guns in public," Slip Op. 13, for "the Supreme Court made clear in *Heller* that it wasn't going to make the right to bear arms depend on casualty counts," *id*. Furthermore, the empirical evidence marshaled by Illinois did not even meet the "strong

showing" standard – "a/k/a 'intermediate scrutiny,' " *Ezell v. City of Chicago*, 651 F.3d 684, 708 (7th Cir. 2011) – the Seventh Circuit had previously applied to the federal ban on gun possession by domestic violence misdemeanants. *See* Slip Op. at 14. Because the empirical evidence marshaled by the Government here is even weaker than the empirical evidence marshaled by Illinois, the panel's finding that the Government's defense of the federal sales ban satisfies intermediate scrutiny is contrary to *Moore*. *See* En Banc Pet. 11-15.

Sincerely,

s/ Charles J. Cooper
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
*Attorney for Plaintiffs-Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

>Anisha Sasheen Dasgupta
>U.S. DEPARTMENT OF JUSTICE
>Room 7533
>950 Pennsylvania Avenue, N.W.
>Washington, DC 20530-0000
>
>Christopher Paul Johnson
>Meredith Anne Wholley
>KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
>1633 Broadway
>New York, NY 10019-0000
>
>Scott Charles Medlock
>TEXAS CIVIL RIGHTS PROJECT
>1405 Montopolis Drive
>Austin, TX 78741-3438

s/ Charles J. Cooper
Charles J. Cooper
